(12 P.3d 911)
No. 84,673

STATE OF KANSAS, *Appellee*, v. ENRIQUE L. LUNA, *Appellant*.

Opinion filed November 3, 2000.

*Rebecca Woodman* and *Randall L. Hodgkinson*, assistant appellate defenders, and *Jessica R. Kunen*, appellate defender, for appellant.

*Stacy Lynn Cunning*, assistant district attorney, *Timothy J. Chambers*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., RULON and GERNON, JJ.

BEIER, J.: Enrique L. Luna appeals his convictions of two counts of aggravated assault arising out of a drive-by shooting. He contends that the juvenile court erred in determining he should be tried as an adult and that his later waiver of his right to a jury trial was involuntary.

Luna, who was 17 at the time of the crime, was originally charged in juvenile court with one count of criminal discharge of a firearm at an occupied vehicle and two counts of aggravated assault. His

criminal history worksheet indicated he had nine prior juvenile convictions, including assault.

The State filed a motion to have Luna prosecuted as an adult. The allegations in the motion read as follows:

"1.   That the Respondent, Enrique Luna, was 16 or more years of age at the time of the offenses alleged in the complaint.

"2.   That one of the alleged offenses, Criminal Discharge of a Firearm at an Occupied Vehicle, pursuant to K.S.A. 21-4219(b), is severity level 7, person felony and the offenses, Aggravated Assault, pursuant to K.S.A. 21-3410 is a severity level 7, person felony.

"3.   That the alleged offenses were committed in an aggressive, violent, premeditated, or willful manner.

"4.   That the alleged offenses were committed against a person and not property.

"5.   That K.S.A. 38-1636(e)(3) requires the Court to give greater weight to offenses against persons in determining whether or not prosecution as an adult should be authorized.

"6.   That the Respondent has an extensive previous history of prior adjudications and antisocial behavior which have not been resolved through the juvenile court process, despite intervention through probation, community corrections, and juvenile correctional facility placements.

"7.   That the sophistication and maturity of the Respondent merits his treatment as an adult.

"8.   That because of the Respondent's age and lengthy history of previous attempts by the juvenile system to rehabilitate the Respondent through probation, community corrections, and youth center placements, insufficient facilities or programs are available to the Court which are likely to rehabilitate the Respondent prior to the expiration of the Court's jurisdiction under Chapter 38 of K.S.A.

"9.   That the interests of the community would be better served by a criminal prosecution."

No record was taken of the hearing on the motion; however, the journal entry indicates Luna stipulated to the State's allegations. The court dismissed the juvenile proceedings, and the charges were brought in district court.

Luna later appeared in district court with counsel and waived his right to a jury trial. The record reflects the following exchange at the time of the waiver:

"THE COURT: [T]he defendant is here in person and is being represented by Kerry Granger. Mr. Luna, the, this case was set, or is set, right, for a jury trial tomorrow morning at 9:00 o'clock in this courtroom. And it is my understanding

that from having spoken to your attorney a few minutes ago that you want to waive your right to trial by jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay. Is anyone pressuring you, promising you anything, or threatening you with anything to get you to waive that?

"THE DEFENDANT: No, sir, by my choice.

"THE COURT: It is your choice?

"THE DEFENDANT: Yeah.

"THE COURT: Okay. I am going to allow you to waive the trial by jury. The jury will be called off tomorrow, at least for your case. And we will set it down for a bench trial, and you have to keep in touch with Mr. Granger because he will know when the court date is."

After a bench trial, Luna was convicted of two counts of aggravated assault.

### Certification for Trial as an Adult

In order to evaluate whether the certification of a juvenile to be tried as an adult was proper, we must determine whether the decision as a whole was supported by substantial competent evidence. *State v. Smith*, 268 Kan. 222, 244, 993 P.2d 1213 (1999). Substantial evidence possesses " 'both relevance and substance' " and " 'furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated in another way, "substantial evidence" is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.' " *In re Estate of Reynolds*, 266 Kan. 449, 461, 970 P.2d 537 (1998) (quoting *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 [1993]).

K.S.A. 1999 Supp. 38-1636(e) states the eight factors a district court must consider in deciding a motion to prosecute a juvenile as an adult:

"(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult or designating the proceeding as an extended jurisdiction juvenile prosecution; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property. Greater weight shall be given to offenses against persons, especially if personal injury resulted; (4) the number

of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution or extended jurisdiction juvenile prosecution."

Luna argues that the juvenile court erred in determining he should be prosecuted as an adult because it failed to consider all of the statutory factors under K.S.A. 1999 Supp. 38-1636(e) in addition to his stipulation to the allegations in the State's motion for authorization for prosecution as an adult.

Luna relies primarily on *Smith*, 268 Kan. 222. In *Smith*, the State's motion for adult prosecution failed to track the statutory factors, alleging only that the juvenile was 16 years or older at the time of the offense and that he was not a fit and proper subject to be dealt with under the Juvenile Code. Thus, on appeal, our Supreme Court held that the juvenile's stipulation to the State's allegations in its motion could not substitute for the juvenile judge's explicit consideration of all of the K.S.A. 38-1636(e) factors. 268 Kan. at 246.

The facts of this case are more analogous to those before us in *State v. Randolph*, 19 Kan. App. 2d 730, 876 P.2d 177, *rev. denied* 255 Kan. 1006 (1994), which was discussed in *Smith*. *Randolph* also involved a juvenile's stipulation to the allegations in the State's motion for adult prosecution. In addition, at the hearing, the court asked the prosecutor to explain the factual basis for the motion and received the following response:

"(1) Randolph was under 18 years of age, (2) he is alleged to be a juvenile offender based on a violation of K.S.A. 21-3301 and 21-3427, attempted aggravated robbery, (3) he is over 16 years old but younger than 18 years old, (4) 'such offenses would be felonies if committed by an adult,' and (5) Randolph's record, the serious, violent nature of this offense, Randolph's lack of amenability to programs

available in juvenile court, and the safety of the community all compelled Randolph's prosecution as an adult." 19 Kan. App. 2d at 731.

Based on this recitation and the stipulation, the juvenile court granted the motion. We affirmed that result, observing that the recorded response and the stipulation constituted a "rough approximation" of the K.S.A. 38-1636(e) factors to be considered by the juvenile court. 19 Kan. App. 2d at 737-38.

As in *Randolph*, the juvenile judge considering Luna's case had before him a "rough approximation" of the K.S.A. 38-1636(e) factors to be considered. We hold that a juvenile may stipulate to the State's allegations in a motion to certify the juvenile for prosecution as an adult, and, provided the allegations and/or the factual basis reviewed at the motion hearing constitute a "rough approximation" of the eight mandatory considerations listed in K.S.A. 38-1636(e), the certification will not be overturned on appeal.

Moreover, despite the absence of a transcript of the motion hearing, we can now say with confidence that there was substantial evidence to support the decision to waive jurisdiction. Luna was accused of firing a gun into a car containing two people, a serious offense; it was a person felony, done in a violent, aggressive, and willful manner. Luna had nine previous juvenile convictions, including unlawful use of a weapon and assault. His last progress report from a juvenile correctional facility had indicated that he had matured since his previous stays, but that he obviously was not rehabilitated. Given the apparent lack of success of various juvenile placements, it was in the best interest of the community to prosecute him as an adult.

## Waiver of Jury Trial

The question of whether Luna voluntarily waived his right to a jury trial is a question of fact, and, on appeal, we review the record to determine whether substantial competent evidence supported the district court's finding. *State v. Stuber*, 27 Kan. App. 2d 160, 163, 1 P.3d 333, *rev. denied* 269 Kan. 940 (2000) (citing *State v. Boan*, 235 Kan. 800, 805, 686 P.2d 160 [1984]).

Luna argues the record does not demonstrate a knowing, voluntary, and intelligent waiver of his right to a jury trial under *State*

*v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975), because the district court judge did not personally convey to him that he had a constitutional and statutory right to a jury trial or the significance of waiving those rights. In addition, he contends the judge should have informed him of his right to a jury of twelve citizens, whose verdict would have to be unanimous and reached on a finding beyond a reasonable doubt.

In *Irving*, the Kansas Supreme Court discussed the test for determining the validity of jury trial waiver:

"Since the right to trial by jury is constitutionally preserved, waiver of the right should be strictly construed to afford a defendant every possible opportunity to receive a fair and impartial trial by jury. It is provided by statute in this state that a jury trial may be waived in any criminal trial where the defendant, the state, and the trial court assent to such waiver. (K.S.A. 22-3403 [1], 22-3404 [1].) We have stated the test for determining the validity of a waiver of the right to a jury trial is whether the waiver was voluntarily made by a defendant who knew and understood what he was doing. (*State v. Blanton*, 203 Kan. 81, 453 P.2d 30.) Whether this test is satisfied in any given case will depend on the particular facts and circumstances of that case, but a waiver of the right to a jury trial will not be presumed from a silent record." [Citations omitted.] 216 Kan. at 589.

The court went on to state: " 'The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.' " 216 Kan. at 590.

In *Stuber*, this court recently upheld a waiver of the right to a jury trial when the record reflected this brief exchange:

" 'THE COURT: Your attorney indicates that you're willing to waive your right to a jury trial in this case. What that means is that if this case goes to trial, it will be tried before a judge and you will be giving up your right to have this case tried before a jury of 12 persons; is that what you wish to do?

" 'MR. STUBER: Yes, I understand that, Your Honor, and that's, I guess, what I wish to do, yes.' " 27 Kan. App. 2d at 164.

This court found substantial competent evidence supported a finding that Stuber's waiver was voluntary because the trial court told him the rights he was waiving by having a bench trial, and Stuber orally indicated on the record he wanted to waive his right to a jury trial. 27 Kan. App. 2d at 165.

Although the exchange in this case was brief, the transcript demonstrates that Luna was aware he had a right to a jury trial and that he emphasized the decision to waive it was his choice. Although we would have preferred to see a more expansive explanation of the jury trial right from the court, it appears the judge met the minimum standard set by *Irving* and *Stuber*. Substantial competent evidence supports the finding of a voluntary waiver.

Affirmed.