No. 84,673

STATE OF KANSAS, *Appellee*, v. ENRIQUE L. LUNA, *Appellant*.

(24 P.3d 125)

Opinion filed June 1, 2001.

*Randall L. Hodgkinson*, assistant appellate defender, argued the cause, and *Jamila Levi* and *Rebecca Woodman*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, were with him on the briefs for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Stacy Lynn Cunning*, assistant district attorney, *Timothy J. Chambers*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Enrique L. Luna appeals his conviction of two counts of aggravated assault arising out of a drive-by shooting incident. Defendant's convictions were affirmed by the Kansas Court of Appeals in 28 Kan. App. 2d 148, 12 P.3d 911 (2001). The matter is before us on petition for review.

## PROSECUTION AS AN ADULT

For his first issue, defendant contends the juvenile court judge erred in determining he should be tried as an adult. Preliminarily it should be noted defendant was 17 years old at the time of the crime and was originally charged in juvenile division of the district

court with one count of criminal discharge of a firearm at an occupied vehicle and two counts of aggravated assault. His criminal history worksheet indicated he had nine prior juvenile convictions, including assault.

In its motion to have defendant prosecuted as an adult, the State alleged:

"1. That the Respondent, Enrique Luna, was 16 or more years of age at the time of the offenses alleged in the complaint.

"2. That one of the alleged offenses, Criminal Discharge of a Firearm at an Occupied Vehicle, pursuant to K.S.A. 21-4219(b), is severity level 7, person felony and the offense, Aggravated Assault, pursuant to K.S.A. 21-3410 is a severity level 7, person felony.

"3. That the alleged offenses were committed in an aggressive, violent, premeditated, or willful manner.

"4. That the alleged offenses were committed against a person and not property.

"5. That K.S.A. 38-1636(e)(3) requires the Court to give greater weight to offenses against persons in determining whether or not prosecution as an adult should be authorized.

"6. That the Respondent has an extensive previous history of prior adjudications and antisocial behavior which have not been resolved through the juvenile court process, despite intervention through probation, community corrections, and juvenile correctional facility placements.

"7. That the sophistication and maturity of the Respondent merits his treatment as an adult.

"8. That because of the Respondent's age and lengthy history of previous attempts by the juvenile system to rehabilitate the Respondent through probation, community corrections, and youth center placements, insufficient facilities or programs are available to the Court which are likely to rehabilitate the Respondent prior to the expiration of the Court's jurisdiction under Chapter 38 of K.S.A.

"9. That the interests of the community would be better served by a criminal prosecution."

No record was taken of the hearing on the motion; however, the journal entry indicates Luna stipulated to the State's allegations. Additionally, defendant's lengthy juvenile record, starting with a knife assault at age 11, was before the court.

The standard for reviewing the certification of a juvenile to be tried as an adult is whether the decision as a whole is supported by substantial competent evidence. *State v. Smith*, 268 Kan. 222, 244, 993 P.2d 1213 (1999). Substantial evidence is evidence which possesses both relevance and substance and which furnishes a sub-

stantial basis of fact from which the issues can reasonably be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *State v. Wonders*, 263 Kan. 582, 589, 952 P.2d 1351 (1998). Further, the insufficiency of the evidence pertaining to one or more of the factors listed in K.S.A. 38-1636(e) is not determinative. *State v. Valdez*, 266 Kan. 774, 778, 977 P.2d 242 (1999).

K.S.A. 38-1636(e) sets out the eight factors a district court must consider in deciding a motion to prosecute a juvenile as an adult:

"(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult or designating the proceeding as an extended jurisdiction juvenile prosecution; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property. Greater weight shall be given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution or extended jurisdiction juvenile prosecution."

### The Court of Appeals analyzed the issue as follows:

"Luna argues that the juvenile court erred in determining he should be prosecuted as an adult because it failed to consider all of the statutory factors under K.S.A. 1999 Supp. 38-1636(e) in addition to his stipulation to the allegations in the State's motion for authorization for prosecution as an adult.

"Luna relies primarily on [*State v. Smith*, 268 Kan. 222, 993 P.2d 1213 (1999)]. In *Smith*, the State's motion for adult prosecution failed to track the statutory factors, alleging only that the juvenile was 16 years or older at the time of the offense and that he was not a fit and proper subject to be dealt with under the Juvenile Code. Thus, on appeal, our Supreme Court held that the juvenile's stipulation to the State's allegations in its motion could not substitute for the juvenile

judge's explicit consideration of all of the K.S.A. 38-1636(e) factors. 268 Kan. at 246.

"The facts of this case are more analogous to those before us in *State v. Randolph,* 19 Kan. App. 2d 730, 876 P.2d 177, *rev. denied* 255 Kan. 1006 (1994), which was discussed in *Smith. Randolph* also involved a juvenile's stipulation to the allegations in the State's motion for adult prosecution. In addition, at the hearing, the court asked the prosecutor to explain the factual basis for the motion and received the following response:

'(1) Randolph was under 18 years of age, (2) he is alleged to be a juvenile offender based on a violation of K.S.A. 21-3301 and 21-3427, attempted aggravated robbery, (3) he is over 16 years old but younger than 18 years old, (4) "such offenses would be felonies if committed by an adult," and (5) Randolph's record, the serious, violent nature of this offense, Randolph's lack of amenability to programs available in juvenile court, and the safety of the community all compelled Randolph's prosecution as an adult.' 19 Kan. App. 2d at 731.

Based on this recitation and the stipulation, the juvenile court granted the motion. We affirmed that result, observing that the recorded response and the stipulation constituted a 'rough approximation' of the K.S.A. 38-1636(e) factors to be considered by the juvenile court. 19 Kan. App. 2d at 737-38.

"As in *Randolph,* the juvenile judge considering Luna's case had before him a 'rough approximation' of the K.S.A. 38-1636(e) factors to be considered. We hold that a juvenile may stipulate to the State's allegations in a motion to certify the juvenile for prosecution as an adult, and, provided the allegations and/or the factual basis reviewed at the motion hearing constitute a 'rough approximation' of the eight mandatory considerations listed in K.S.A. 38-1636(e), the certification will not be overturned on appeal.

"Moreover, despite the absence of a transcript of the motion hearing, we can now say with confidence that there was substantial evidence to support the decision to waive jurisdiction. Luna was accused of firing a gun into a car containing two people, a serious offense; it was a person felony, done in a violent, aggressive, and willful manner. Luna had nine previous juvenile convictions, including unlawful use of a weapon and assault. His last progress report from a juvenile correctional facility had indicated that he had matured since his previous stays, but that he obviously was not rehabilitated. Given the apparent lack of success of various juvenile placements, it was in the best interest of the community to prosecute him as an adult." 28 Kan. App. 2d at 152-53.

We agree with and adopt the foregoing rationale of the Court of Appeals. Substantial competent evidence supports the juvenile court's determination that defendant should be tried as an adult.

## WAIVER OF JURY TRIAL

Defendant asserts that he did not knowingly or voluntarily waive

his constitutional right to a jury trial. The Court of Appeals disagreed, finding the record was sufficient to support the conclusion that defendant waived this right on the record in open court as required by *State v. Irving*, 216 Kan. 588, 533 P.2d 1225 (1975).

The pertinent facts may be summarized as follows. On March 2, 1999, the day before his jury trial was to commence, defendant appeared before the district court, requesting a waiver of trial by jury. Defendant advised the court that the decision was his choice and was not the result of pressure, promises, or threats. The court accepted the waiver. The bench trial was set for June 30, 1999. Part way through the trial on that date, the balance of the trial was continued at defense counsel's request until August 10, 1999.

At no time before, after, or during trial did defendant seek to withdraw his waiver of trial by jury or make any complaint thereon. No issue as to the jury trial waiver appears on the docketing statement, filed February 11, 2000. The issue first appears in the defendant's appellate brief, filed April 21, 2000.

Where constitutional grounds are asserted for the first time on appeal, they are not properly before the appellate court for review, and the exceptions to that rule do not apply in this case. See *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999). Under the circumstances, we conclude the waiver of the jury trial issue is not properly before us, nor was it properly before the Court of Appeals.

Defendant's conviction is affirmed. The Court of Appeals' opinion affirming the district court is affirmed in part and vacated in part.