NOT DESIGNATED FOR PUBLICATION

No. 118,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD D. WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed November 2, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: Defendant Todd D. White appeals the decision of the Sedgwick County District Court to revoke his probation on burglary and theft convictions and to order him to serve the underlying 29-month prison term after finding that he committed another theft while on probation. The district court properly relied on that finding to dispense with any intermediate sanctions and to order White to serve the prison sentence. We, therefore, affirm.

1

In September 2015, the State charged White with residential burglary with the intent to commit a theft and also the completed theft of property valued under $1,000. White entered guilty pleas to both charges. Although a special rule applied to White's burglary conviction, making the sentence a presumptive prison term, the State agreed to recommend a downward dispositional sentencing departure to probation and to recommend concurrent sentencing for both offenses. The district court accepted White's pleas and found him guilty of both charges.

At the sentencing hearing in January 2016, White asserted that his substance abuse problems animated the crimes in this case and in an earlier Kingman County case. He argued that community-based treatment was available and supported his request for probation. The district court imposed an underlying 29-month prison term, the aggravated guidelines punishment for White's burglary conviction, and a concurrent 12-month jail term for his theft conviction. The court granted the departure motion, basing its decision on the plea agreement and White's acceptance of responsibility, and placed White on probation for 24 months.

In mid-June 2017, Jennifer Blomster, White's probation officer, requested and obtained a warrant on the grounds that White had violated several conditions of his probation: He failed to report as directed on May 5, 2017; he again failed to report as directed by violation letter on May 8, 2017; he failed to make regular payments toward restitution; and he committed a new theft on March 27, 2017.

The district court held a probation hearing on the alleged violations in late July. White admitted to the first three alleged violations but disputed the fourth. The court heard testimony from Jason Conner, Blomster, and White focused on the theft allegation in the warrant. Conner had employed White as a construction worker. In connection with a particular job, Conner loaned White tools he valued at $2,200 to $2,500 to use at the construction site. According to Conner, White did no work on the job and never reported

2

back to him or returned the tools. White testified that he secured the tools at the construction site and someone else must have taken them. The district court made an explicit finding that Conner was credible and White was not.

The district court determined the State established the fourth ground in the warrant—that White had committed felony theft while on probation. Based on that decision and the other information provided at the hearing, the district court bypassed any intermediate sanctions for the probation violations and ordered White to serve the 29-month prison sentence. The district court justified the bypass because White had committed a new crime and because an intermediate sanction would jeopardize public safety and would not serve White's long-term welfare. White has appealed.

White challenges the sufficiency of the evidence supporting the district court's determination that he stole the tools Conner had loaned to him. And White contends without that probation violation, the district court did not have sufficient grounds to revoke his probation rather than imposing an intermediate sanction based on the less serious violations.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary,* 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violation satisfies the first step. If a defendant declines to stipulate, the State must prove the violation by a preponderance of the evidence. *State v. Lumley*, 267 Kan. 4, 14, 977 P.2d 914 (1999). That is, evidence

must show the defendant more likely than not violated the particular condition of his or her probation.

After a probation violation has been established either by stipulation or through an evidentiary hearing, a district court typically must impose sequentially escalating sanctions—periods of incarceration ranging from 2-3 to 180 days—before ordering a defendant to serve his or her underlying prison sentence in a given criminal case. K.S.A. 2017 Supp. 22-3716(c). But a district court may bypass those sanctions if the defendant commits a new felony or misdemeanor while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A). A district court may likewise dispense with those sanctions by "set[ting] forth with particularity" why they would jeopardize "the safety of members of the public" or fail to serve "the welfare of the offender." K.S.A. 2017 Supp. 22-3716(c)(9)(A).

Appellate review of the district court's factual determination is governed by the substantial evidence standard. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Substantial evidence possesses relevance and substance forming a basis of fact from which the material issues may reasonably be resolved, i.e., a reasonable person might accept as sufficient to support a conclusion. 38 Kan. App. 2d at 315 (quoting *State v. Luna*, 271 Kan. 573, 574-75, 24 P.3d 125 [2001]). Evidence insufficient to support a criminal conviction beyond a reasonable doubt may nevertheless readily satisfy the preponderance standard for purposes of probation revocation. 38 Kan. App. 2d at 315 (citing *State v. Rasler*, 216 Kan. 292, 295, 532 P.2d 1077 [1975]). An appellate court commonly cannot disregard the district court's credibility findings. See *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

To prove the theft alleged in the warrant, the State had to establish that White "obtain[ed] or exert[ed] unauthorized control" over property belonging to Conner with the intent to permanently deprive Conner of that property. K.S.A. 2017 Supp. 21-5801(a)(1). If the property is worth at least $1,500, the theft is considered a felony.

K.S.A. 2017 Supp. 21-5801(b)(3). The elements of a crime, including the perpetrator's intent, may be proved by circumstantial evidence. *State v. Griffin*, 279 Kan. 634, 638, 112 P.3d 862 (2005).

Here, Conner loaned valuable tools to White for the clearly defined (and limited) purpose of working on a particular construction job. Without explanation, White did no work on the job and never returned the tools. The district court explicitly rejected White's benign explanation for the disappearance of the tools. That's an entirely reasonable conclusion, since White never offered that explanation or any other explanation to Conner. The circumstances do, however, support the conclusion White sold or otherwise disposed of the tools, very possibly to support his drug habit. More generally, White's failure to work on the job, coupled with his failure to return the tools, demonstrates the sort of unauthorized control prohibited as theft.

The State proved by a preponderance of the evidence the probation violation based on the theft of Conner's tools. The district court, therefore, properly relied on that violation to satisfy the statutory requirement in K.S.A. 2017 Supp. 22-3716(c)(8)(A) for bypassing any intermediate sanctions.

As we indicated, the district court's disposition of a particular probation violation or set of violations is a matter of judicial discretion. Such discretion is abused only when the district court rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Here, the district court heard and understood the evidence and other information about White's violations, as reflected in its findings. The district court also understood the

5

legal framework governing probation violations and the imposition or bypass of intermediate sanctions. Finally, we comfortably conclude other district courts would have revoked White's probation based on his persistent criminal conduct and his demonstrable substance abuse problem that almost certainly fueled drug-seeking behavior, including the theft of property, such as the tools, that could be traded for drugs or sold to get money to buy drugs. The district court acted well within its discretion in sending White to prison.

Because White's theft of the tools satisfies the requirements of K.S.A. 2017 Supp. 22-3716(c)(8)(A), we need not and do not consider the district court's second reason for bypassing any intermediate sanctions based on K.S.A. 2017 Supp. 22-3716(c)(9).

Affirmed.