■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARNOLD CLEVELAND, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants.

The issue raised on this appeal has been rendered moot by the Parole Board's subsequent determination to release petitioner to parole supervision. Nevertheless, we take this opportunity to note that Special Term erred in holding that a parolee who requests the assistance of counsel prior to a final parole revocation hearing cannot, in the absence of counsel, effectively waive the right to counsel on the date of the hearing. *People v Skinner* (52 NY2d 24) and *People v Cunningham* (49 NY2d 203), relied upon by Special Term, involved the use of confessions in criminal proceedings obtained from defendants who had invoked a right to counsel. As we explained in *People ex rel. Martinez v Walters* (99 AD2d 476, 477, *appeal dismissed* 63 NY2d 727), these authorities are inapplicable "to waivers made to judicial officers (see *People v White,* 56 NY2d 110, 117-119; *United States v Mohabir,* 624 F2d 1140, 1153) and [are] * * * out of place in parole revocation proceedings which are not a stage of the criminal prosecution (see *Matter of Utsey v New York State Bd. of Parole,* 89 AD2d 965, 966-967; cf. *Matter of Di Marsico v Whalen,* 49 NY2d 822, affg 68 AD2d 971, 972)". Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.