■ The People of the State of New York ex rel. Steven Brown, Respondent, v Harold J. Smith as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously affirmed. Memorandum: A parolee has the right to counsel upon a final parole revocation hearing *(People ex rel. Menechino v Warden,* 27 NY2d 376). While even a represented parolee may waive that right in the absence of counsel *(People ex rel. Cleveland v New York State Div. of Parole,* 110 AD2d 671; *People ex rel. Martinez v Walters,* 99 AD2d 476, 477, *appeal dismissed* 63 NY2d 727; *see, People ex rel. Racona v Hammock,* 115 AD2d 306), such waiver is not effective unless knowingly, intelligently and voluntarily made *(see, People v White,* 56 NY2d 110; *People v McIntyre,* 36 NY2d 10; *People ex rel. Martinez v Walters, supra).* Here, the administrative officer presiding at the final parole revocation hearing made no inquiry to determine whether relator understood the advantages of being represented by counsel or the disadvantages of proceeding *pro se.* There was, therefore, no basis in the record for a determination that relator's waiver of his right to counsel was knowing, intelligent and voluntary. (Appeal from judgment of Supreme Court, Wyoming County, McCarthy, J.— habeas corpus.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.