■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS RACONA, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Respondent.—Judgment unanimously affirmed. Memorandum: Relator, in requesting that his parole revocation hearing be adjourned until after the disposition of his pending criminal charges, expressly agreed to waive his right to have his hearing within 90 days. He also understood that the parole revocation hearing could not take place immediately after the disposition of the charges since the hearing officer was "booked up" for four weeks in advance. Thus, relator, in addition to waiving his right to have the final hearing within 90 days, agreed to a postponement of the hearing not only until the disposition of his pending criminal charges, but also for a reasonable time thereafter.

We reject relator's argument that he could not, in the absence of his counsel, waive his right to a final parole revocation hearing within 90 days. The rule, that a suspect who is known to be represented by counsel may not waive his rights in the absence of counsel *(see, People v Hobson,* 39 NY2d 479) does not apply to knowing and intelligent waivers made before judicial officers and before hearing officers in parole revocation proceedings *(see, People ex rel. Martinez v*

*Walters,* 99 AD2d 476, *appeal dismissed* 63 NY2d 727; *see also, People ex rel. Cleveland v New York State Div. of Parole,* 110 AD2d 671). (Appeal from judgment of Supreme Court, Wyoming County, Flynn, J.—habeas corpus.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.