*929 OPINION OF THE COURT
Martin Marcus, J.
In this case, an Administrative Law Judge adjourned the petitioner’s parole revocation hearing for more than IV2 months because the petitioner’s attorney failed to appear on the day the hearing was scheduled to occur. In the absence of his attorney, the petitioner sought to waive his right to counsel at the hearing and to proceed in the attorney’s absence. He now brings a writ of habeas corpus claiming that this adjournment, which was ordered over the petitioner’s strenuous and repeated objections, violated his right to a timely parole revocation by delaying the hearing more than 90 days after his preliminary hearing. Because I find that the petitioner had a right to proceed without counsel at the hearing, and consequently that he has failed to receive a timely final revocation hearing, his petition must be granted.[1]
The petitioner was convicted of attempted robbery in the second degree and sentenced to 2 Vi to 5 years’ imprisonment. He was released to parole supervision on April 11, 1989, with his term of parole due to expire July 29, 1993. On April 30, 1991, following his arrest for criminal possession of a controlled substance in the third degree, a parole violation warrant was lodged against him. The petitioner was charged with, inter alla, having given his parole officer a forged document falsely indicating that the pending drug charge had been dismissed. A parole warrant was lodged against the petitioner on April 11, 1991, and a preliminary revocation hearing was held on May 6, 1991.
Subsequently, the petitioner filed a pro se petition for a writ of habeas corpus, alleging that he had not been afforded a final revocation hearing within 90 days. His petition was denied in an order issued by the Honorable James E. Robinson, who determined that as of August 16, 1991, only 79 days were chargeable to the Division of Parole.
The final revocation hearing was scheduled for August 16, 1991, but when the petitioner was not produced that day, it was adjourned until September 9, 1991. On September 9, the *930 petitioner was produced and the Division of Parole was ready to proceed, but the petitioner’s attorney failed to appear. Although the petitioner sought to waive his attorney’s presence for the hearing, the Administrative Law Judge nonetheless adjourned it again, to October 28, 1991.
Now he brings this new petition. He claims that the adjournments on August 16 and September 9, 1991, should be charged to the Division and that, when added to the previously determined period of delay, constitute a denial of his right to a final revocation hearing within 90 days of his preliminary hearing, as required by Executive Law § 259-i (3) (f) (i). Section 259-i (3) (f) (i) allows an extension of the 90-day time limit only "if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings”. The petitioner maintains that none of these exceptions are applicable to either adjournment.
A copy of the Department of Correction "Undelivered Defendant” form submitted by the respondents states that on August 16, 1991, "Inmate was involved in an altercation with unknown inmate — Seen in clinic. But due to escape on Hikers transportation was unavailable.” While the petitioner does not dispute the explanation presented on the form, he nonetheless asserts that the resulting adjournment was not at his request, with his consent, or caused by his action.
A parolee "is in a place 'subject to the convenience and practical control’ of the Division of Parole when he is in the custody of a correctional facility as an inmate with which the Parole Board has parole jurisdiction” (People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398-399 [1987], supra). However, not every failure of the Department of Correction to produce an individual should be charged to the Division of Parole. (Supra, at 399; see also, People ex rel. Diamond v Flood, 100 AD2d 604, 605 [2d Dept 1984].) For instance, a parolee cannot "intentionally obtain[] an adjournment of a court date so that the new date conflicts with a scheduled parole hearing”, and then complain because he is transported to his court appearance rather than to a parole hearing. (People ex rel. Brown v New York State Div. of Parole, 70 NY2d, at 399.) Here the defendant’s production on the day set for his hearing was first delayed by his participation in an altercation with another inmate, and then pre *931 vented altogether by the escape of another inmate. Since the delay was occasioned in the first instance by his own actions, it falls within the statutory exceptions and is not chargeable to the Board.
The September 9 adjournment, however, while prompted by a concern for the defendant’s right to counsel, was nonetheless ordered without his request or consent, and was not the result of his own conduct. The minutes of the proceedings of September 9, 1991, indicate that when the petitioner’s attorney failed to appear for the hearing, the Administrative Judge announced his intention to adjourn it for a second time. The petitioner then asked to whom the adjournment would be charged. The Administrative Judge replied that the petitioner would be charged — and not the Board — because it was the petitioner’s attorney who was absent. The following colloquy then took place between them:
"the petitioner: I’m willing to proceed right now without an attorney.
"the judge: Without your attorney, I won’t let you, on the grounds that — the simple grounds that he hasn’t shown up and we don’t know (inaudible).
"the petitioner: But I can proceed on my own.
"the judge: I asked you before if you were represented by counsel, and you told me that you were. Now, if you wish to proceed on your own, simply as an expeditious thing because you’re tired of waiting, that is not a legal reason that I’m willing to grant.
"the petitioner: Cause I didn’t fully understand when you asked was I represented. I have an attorney but right now I don’t feel I need her, that I can go through this proceeding without her.
"the judge: You owe two years, four months and 27 days?
"the petitioner: Yes.
"the judge: I won’t proceed without a lawyer. You’ve got too much at stake.
"the petitioner: I don’t need her. I don’t want her. She’s fired. I don’t want my attorney any more. I want this thing today.”
Faced with the petitioner’s insistence on proceeding, the Administrative Law Judge then began an inquiry seemingly designed to determine whether or not the petitioner was capable of waiving his right to counsel knowingly and intelligently:
*932 "the judge: How far did you go in school, Mr. Sinclair?
"the petitioner: I finished.
"the judge: What did you finish?
"the petitioner: High school. I got my GED and I took my college courses.
"the judge: So you know how to read and write?
"the petitioner: Yes.
"the judge: You on drugs?
"the petitioner: No.
"the judge: You ever use drugs?
"the petitioner: No.
"the judge: Never used drugs?
"the petitioner: No. Never had a dirty urine or anything. It isn’t mandatory to have counsel, is it?
"the judge: Trying to find out. You ever been under the care of a psychiatrist?
"the petitioner: Uh-huh.
"the judge: Ever seen a psychologist?
"the petitioner: No.
"the judge: Do you know what you’re being charged with? "the petitioner: Yes.
"the judge: What?
"the petitioner: Possession of a controlled substance and presenting a forged instrument.
"the judge: But you say that you don’t use drugs?
"the petitioner: I don’t use drugs.”
Despite these answers, and without inquiring further, the Administrative Law Judge declined to proceed and adjourned the hearing:
"the judge: And as far as your proceeding without an attorney, in view of the amount of time that is at stake here, over two years, almost two and a half years, in view of the number of charges against you, and in view of the fact that there is on record an attorney representing you and the fact that that attorney has in no way indicated that she is to proceed without you [sic] I am not going to grant your case. "the petitioner: It’s not mandatory that—
"the judge: Sir, I have made my decision.
"the petitioner: — I have an attorney.
"the judge: That’s it.
*933 "the petitioner: It shouldn’t be charged to me.”
The Administrative Judge then consulted with the parole revocation specialist (who was to present the case on behalf of the Division) concerning the availability of her witnesses for a future date. He then adjourned the hearing to October 28, 1991, more than IV2 months later.
While a parolee has a statutory right to counsel at a final parole revocation hearing (Executive Law § 259-i [3] [¶] [v]; People ex rel. Menechino v Warden, 27 NY2d 376 [1971]), that right may be waived (People ex rel. McFadden v New York State Bd. of Parole, 79 AD2d 952 [1st Dept], appeal dismissed 54 NY2d 751 [1981]). Even a parolee who has previously requested the assistance of counsel at a final revocation hearing may waive his right to counsel, in the counsel’s absence, so long as an inquiry establishes that the waiver is knowing, intelligent and voluntary. (People ex rel. Brown v Smith, 115 AD2d 255 [4th Dept 1985]; People ex rel. Cleveland v New York State Div. of Parole, 110 AD2d 671 [2d Dept 1985].)[2]
In this case, the petitioner and the Administrative Judge faced a choice of which of two rights accorded the petitioner was to be sacrificed to the other: either the petitioner could have a hearing within 90 days of his preliminary hearing, or he could have a hearing with his counsel present to assist him. He chose an immediate hearing. Under the circumstances of this case, it was an abuse of the Administrative Judge’s discretion to reject the petitioner’s choice in favor of his own.
In People ex rel. Citro v Sullivan (70 NY2d 391, 401 [1987]),[3] the petitioner’s hearing was postponed when the petitioner’s attorney could not be present on the day it was scheduled to occur. The petitioner claimed that he should have been informed of his right to proceed with the hearing pro se, and that the failure to so advise him rendered the delay chargeable to the Division of Parole. The court held that while the petitioner could have waived his right to counsel at the hearing, "failing to volunteer this alternative to a parolee does not result in a delay chargeable to the Division of Parole, *934 when as here, there has been no request by the parolee to proceed pro se. ”
In this case, however, the petitioner made a request for an immediate pro se hearing, and did so repeatedly and vociferously. Admittedly, the Administrative Judge could not honor the petitioner’s request without first satisfying himself that the petitioner’s waiver of counsel was knowing, intelligent and voluntary. If he had made such an inquiry, and appropriately determined that the waiver did not meet these requirements, then an adjournment would have been both necessary and chargeable to the petitioner.[4]
While the Administrative Judge began such an inquiry, he failed to explore all the issues relevant to the findings he would have been required to make. (See, People ex rel. Brown v Smith, 115 AD2d 255 [4th Dept 1985] [waiver invalid where "the administrative officer presiding at the final parole revocation hearing made no inquiry to determine whether relator understood the advantages of being represented by counsel or the disadvantages of proceeding pro se”]; People ex rel. Martinez v Walters, 99 AD2d 476 [2d Dept 1984] [waiver valid where "(t)he hearing officer carefully explained to petitioner what his rights were and what the consequences of a waiver would be”].) In any case, the answer the petitioner gave to those questions the Administrative Judge did ask provided no basis for a finding that the waiver was not offered intelligently, knowingly or voluntarily. Indeed, the Judge did not purport to make such a finding. Instead, he ruled only that the charges against the petitioner were too serious, and the period of imprisonment he was facing too long, to permit the hearing to be conducted pro se merely because the attorney failed to appear that day. Since it is clear that the petitioner was in fact entitled to make such a choice, the Administrative Law Judge erred in not further exploring the appropriateness of the waiver and, assuming the petitioner understood the consequences of his decision to proceed without counsel, in denying him an immediate hearing.
If a parolee waives his right to counsel and a pro se hearing is held, the parolee may be given a new hearing if it is later determined that the waiver was improperly accepted. (People *935 ex rel. Martinez v Walters, 99 AD2d 476 [2d Dept 1984], supra.) If, however, as in this case, the waiver is improperly rejected and the hearing unjustifiably delayed beyond the permissible 90-day period, the parolee can never be given the timely hearing to which he was entitled. Accordingly, there can be no other remedy but to vacate the petitioner’s parole violation warrant and dismiss the parole violation proceeding against him.

. Because the petitioner is being held not only on his parole revocation warrant, but also on unrelated criminal charges, the remedy of habeas corpus is unavailable to him. Accordingly, this writ must be converted, pursuant to CPLR 103 (c), to an article 78 proceeding, so that the petitioner may obtain the relief to which he is entitled. (See, People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987].)

. Cf., People v White, 56 NY2d 110, 115-118 (1982) (defendant who is charged with offense for which a term of imprisonment will not be imposed can waive counsel outside his presence if the waiver is "knowing and intelligent”).

. This case was decided together with People ex rel. Brown v New York State Div. of Parole, the first named case in the opinion.

. Under these circumstances, the absence of the petitioner’s attorney would have been attributable to the petitioner and would have constituted action of the parolee "precluding] the prompt conduct of such proceedings” within the meaning of Executive Law § 259-i (3) (f) (i).