(93 P.3d 1223)
No. 90,197

STATE OF KANSAS, *Appellee,* v. FRANK EDWARD FREEMAN, JR., *Appellant.*

Opinion filed July 23, 2004.

*Steven R. Zinn,* deputy appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREEN, P.J., JOHNSON, J., and C. FRED LORENTZ, District Judge, assigned.

LORENTZ, J.: Frank Edward Freeman, Jr., appeals the revocation of his probation.

Pursuant to a plea agreement, Freeman was convicted of one count of possession of cocaine in return for which another charge was dismissed and the State agreed not to oppose a downward dispositional departure to probation. On October 5, 2000, Freeman was sentenced to an underlying term of 28 months' imprisonment and then placed on probation for a term of 12 months.

In August 2001, Court Services Officer Natalie Harbin filed an order with the court extending Freeman's probation to April 5,

2002. Both Harbin and Freeman signed the order, and a judge signed it on the following day.

On January 24, 2002, the State filed a motion to revoke Freeman's probation, alleging several violations. Freeman responded with a motion to dismiss for lack of jurisdiction, contending the probation had not been properly extended because he was not afforded a hearing. The trial court found it had jurisdiction to revoke Freeman's probation because Freeman had waived his right to a hearing when he signed the extension. Thereafter, the court did revoke the probation and ordered Freeman remanded to custody to serve his underlying sentence.

Freeman first argues that he was denied his right to due process because the order extending his probation was entered without the benefit of a hearing as required by K.S.A. 2003 Supp. 21-4611(c)(8). He claims he was never told that a hearing was an option and denies he could have knowingly and voluntarily waived a right of which he had no knowledge.

Resolution of this issue requires interpretation of K.S.A. 2003 Supp. 21-4611(c). Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. When a statute is plain and unambiguous, the court's duty is to respect the intention of the legislature as expressed. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 2003 Supp. 21-4611(c) governs the duration of probation for all felony cases. K.S.A. 2003 Supp. 21-4611(c)(8) provides for extension of probation and reads as follows:

"The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

For all felony cases, except for those involving cases addressing child support and restitution, extension of the duration of probation may only be accomplished under subsection (c)(8) pursuant to a modification hearing and a finding of judicial necessity. *State v. Gordon*, 275 Kan. 393, 405-06, 66 P.3d 903 (2003).

It is undisputed that, as required by the statute, Freeman was entitled to have the question of his probation extension discussed at a hearing. It is also undisputed that Freeman was not afforded a hearing. The question for our review, then, is whether Freeman properly waived his right to a hearing.

It is important to note that the right to a hearing afforded pursuant to K.S.A. 2003 Supp. 21-4611(c)(8) is statutory rather than constitutional. Still, we believe that any waiver of that hearing must be both knowing and voluntary as is the case with other waivers. See *State v. Luna,* 28 Kan. App. 2d 148, 154, 12 P.3d 911 (2000), *aff'd in part and vacated in part* 271 Kan. 573, 24 P.3d 125 (2001). The New York state courts have affirmatively noted that where statutory rights are conferred, they may be waived as long as an inquiry establishes that the waiver is knowing and voluntary. See *People (Sinclair) v. Warden,* 152 Misc. 2d 928, 933, 579 N.Y.S.2d 981 (1991); see also *Com. v. Byrne,* 833 A.2d 729, 736 (Pa. Super. 2003) (defendant may knowingly and voluntarily waive a statutory right if waiver is key in obtaining a bargained-for exchange with the government).

"Knowingly" is defined as, "[w]ith knowledge; consciously; intelligently; willfully; intentionally. An individual acts 'knowingly' when he acts with awareness of the nature of his conduct." Black's Law Dictionary 872 (6th ed. 1990). "Voluntary" is defined as "[u]nconstrained by interference; unimpelled by another's influence; spontaneous; acting of oneself." Black's Law Dictionary 1575 (6th ed. 1990). We do not see anything in the record to suggest that Freeman was coerced in such a way as to render his agreement with the extension of his probation involuntary. The issue, then, is whether Freeman's waiver was knowingly made.

The order Freeman signed to extend the period of probation contains the following language:

"The signature of the defendant below indicates the defendant's agreement to this request for an extension and his acknowledgment that he has a right to seek counsel in this matter."

The order made no reference to the statutory language requiring a hearing and a judicial finding of necessity. Harbin testified that

she never told Freeman that he had the right to a hearing. She simply made sure he was aware that if he wanted to speak to an attorney before he signed it, he could.

When arguing the jurisdiction issue before the trial court, Freeman's attorney claimed that Freeman could not have waived a hearing because he was never informed of that right in the first place. We agree. Informing Freeman that he had the right to speak with his attorney before signing the order wholly omits the crucial information that Freeman was entitled to a hearing and a judicial finding of necessity before his probation could be extended.

We conclude that absent a knowing and voluntary waiver of the statutory right to a hearing and a judicial finding of necessity, as required by K.S.A. 2003 Supp. 21-4611(c)(8), the trial court had no jurisdiction to extend Freeman's probation.

In his appeal, Freeman also argues the trial court erred by ordering him to serve his sentence rather than placing him on assignment to community corrections supervision.

This issue is moot as a result of our decision on the first issue on appeal and will not be addressed.

Reversed and remanded with directions to release Freeman from custody.