(246 P.3d 992)
No. 103,133

STATE OF KANSAS, *Appellee*, v. RUSSELL HOFFMAN, *Appellant*.

Opinion filed January 28, 2011.

*Lydia Krebs*, of Kansas Appellate Defender Office, for appellant.

*Stephen D. Maxwell*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, for appellee.

Before HILL, P.J., LEBEN and STANDRIDGE, JJ.

STANDRIDGE, J.: Russell Hoffman appeals the district court's decision to revoke his probation, arguing that the district court lacked jurisdiction to do so. We agree and therefore reverse and remand the decision of the district court with instructions to release Hoffman from custody.

## FACTS

Pursuant to a plea agreement, Russell Hoffman entered guilty pleas to indecent liberties with a child, a severity level 5 person felony, and indecent solicitation of a child, a severity level 7 person felony. On March 19, 2004, the district court imposed and then suspended a controlling sentence of 32 months in prison and then placed him on probation with community corrections for 36 months. The district court also ordered Hoffman to pay $152 in court costs, a $400 lab fee, a $50 Board of Indigents' Defense Services (BIDS) application fee, and to reimburse BIDS $600 in

attorney fees. The amount Hoffman was ordered to reimburse BIDS later was lowered to $500.

At sentencing, the State asked the district court to order Hoffman to pay $250 in restitution to the victim's father for travel expenses and cell phone charges. In response, the district judge stated, "I don't know that I'll order restitution for travel expenses of [the victim's] father. It's hard to limit that I guess." Ultimately, the district court did not order Hoffman to pay restitution.

On June 24, 2005, the State filed a motion to revoke Hoffman's probation. A revocation hearing was held on July 1, 2005, during which Hoffman stipulated to violating the terms of his probation as alleged in the State's motion. The district court decided not to revoke Hoffman's probation and ordered it to continue on the original terms with an additional condition that required Hoffman to serve 60 days in jail.

On January 29, 2007, the district court filed an order stating:

"Whereas it appears that the defendant has not completed fines, court costs, *restitution* or a sex offender treatment program in this matter.

"Now therefore it is ordered that the defendant's probation be extended for one year unless the defendant show cause why this order should not be issued by the 19th day of March, 2007.

"It is further ordered that the defendant shall be served with this order on or before the next reporting date of the defendant." (Emphasis added.)

The order indicated that Brad Wedel, Hoffman's Intensive Supervision Officer, hand-delivered a copy of the order to Hoffman. Both men signed and dated the order on January 5, 2007. It appears from the record that the district court never held a hearing with regard to the matters in the order.

On July 26, 2007, the State filed another motion to revoke Hoffman's probation. A revocation hearing was held on August 23, 2007, during which Hoffman again stipulated to violating the terms of his probation as alleged in the State's motion. The district court revoked Hoffman's probation and thereafter reinstated it for a term of 36 months. As a condition of probation, the district court ordered Hoffman to serve 60 days in jail on work release.

On August 6, 2009, the State filed a third motion to revoke Hoffman's probation. Hoffman moved to dismiss the petition for

revocation, asserting the district court did not have jurisdiction to revoke his probation because his term of probation expired on March 19, 2007. At a hearing on the motion, Hoffman argued the district court's failure to conduct a modification hearing or make a judicial finding of necessity—as required by K.S.A. 2009 Supp. 21-4611(c)(8)—before extending the term of his probation rendered the January 29, 2007, order of extension invalid as a matter of law. Although conceding he signed and dated the order purporting to extend the term of his probation, he argued this act could not be construed as a waiver of his rights under K.S.A. 2009 Supp. 21-4611(c)(8) because he was never informed that he was entitled to a hearing and a judicial finding of necessity in these circumstances.

Finding no merit to Hoffman's argument, the district court denied the motion to dismiss. Critical to this decision was a factual finding by the court that Hoffman still owed restitution at the time the order extending Hoffman's probation was filed in January 2007. Based on this fact, the court concluded Hoffman's probation was properly extended under K.S.A. 2009 Supp. 21-4611(c)(7), a statute that does not require a hearing or a judicial finding of necessity prior to extending a term of probation. After the court denied his motion, Hoffman stipulated to violating the terms of his probation. The district court thereafter revoked Hoffman's probation and ordered him to serve the underlying prison sentence previously imposed.

## ANALYSIS

Hoffman asserts the district court did not have subject matter jurisdiction to revoke his probation. Subject matter jurisdiction may be raised at any time. *State v. Patton*, 287 Kan. 200, 205, 195 P.3d 753 (2008). Moreover, " ' "parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Nor can parties convey jurisdiction on a court by failing to object to its lack of jurisdiction. [Citations omitted.]" ' " *State v. Elliott*, 281 Kan. 583, 588, 133 P.3d 1253 (2006). Whether the district court has jurisdiction to revoke probation is a question of law over which this court's review is unlimited. *State v. Cisneros*, 36 Kan. App. 2d 901, 902, 147 P.3d 880 (2006). A district court has jurisdiction to revoke

probation so long as proceedings are commenced within 30 days after the probation term expires. See K.S.A. 2009 Supp. 22-3716(d); *State v. Curtis*, 42 Kan. App. 2d 132, 135, 209 P.3d 753 (2009). If proceedings are not commenced prior to the expiration of the 30-day period of K.S.A. 2009 Supp. 22-3716(d), the district court no longer has jurisdiction over the probationer. See *Cisneros*, 36 Kan. App. 2d 901, Syl. ¶ 1.

In order to determine whether the district court had jurisdiction to revoke Hoffman's probation and order him to serve his underlying prison sentence, we must determine whether the provisions of K.S.A. 2009 Supp. 21-4611(c) required the district court to conduct a hearing and make a judicial finding of necessity prior to extending Hoffman's term of probation. This determination requires us to interpret sentencing statutes, which is a question of law that triggers an unlimited standard of review. See *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005).

As a general rule, an appellate court strictly construes criminal statutes in favor of the accused, which simply means that the court will give words their ordinary meaning. The court decides any reasonable doubt about a word's meaning in favor of the accused. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible so as to give effect to the legislative design and intent. *State v. Bonner*, 290 Kan. 290, 296, 227 P.3d 1 (2010).

### K.S.A. 2009 Supp. 21-4611(c)(7)

K.S.A. 2009 Supp. 21-4611(c)(7) states in pertinent part: "If the defendant is ordered to pay full or partial restitution, the period [of probation] may be continued as long as the amount of restitution ordered has not been paid." In *State v. Gordon*, 275 Kan. 393, 66 P.3d 903 (2003), our Supreme Court concluded that, unlike extensions of probation under K.S.A. 2009 Supp. 21-4611(c)(8), a district court may extend a term of probation under K.S.A. 2009 Supp. 21-4611(c)(7) without first conducting a hearing as long as the probationer still owes restitution at the time of the extension. 275 Kan. at 406-07.

As noted above, the district court found that the January 2007 extension was proper under K.S.A. 2009 Supp. 21-4611(c)(7) because, when the order was issued, Hoffman still owed restitution. But the record on appeal does not support the district court's finding. Significantly, the State asked the district court at the sentencing hearing to order Hoffman to pay restitution to the victim's father for travel expenses and cell phone charges, but the district court refused to do so. Although the court did order Hoffman to pay $152 in court costs, a $400 lab fee, a $50 BIDS application fee, and to reimburse BIDS $600 in attorney fees, an order to pay court costs and fees cannot be construed as order of restitution. See *State v. Dexter*, 276 Kan. 909, 912, 80 P.3d 1125 (2003) (restitution for victim's damages or loss depends on establishment of causal link between defendant's unlawful conduct and victim's damages); *State v. Hunziker*, 274 Kan. 655, 659-60, 56 P.3d 202 (2002) (restitution ordered as condition of probation under K.S.A. 21-4610[d][1] is limited to damage or loss caused to aggrieved party by defendant's crime).

The absence of any evidence in the record to establish Hoffman owed restitution at the time his probation was extended renders K.S.A. 2009 Supp. 21-4611(c)(7) inapplicable to the facts of this case.

*K.S.A. 2009 Supp. 21-4611(c)(8)*

K.S.A. 2009 Supp. 21-4611(c)(8) states in pertinent part: "The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity." See *State v. Freeman*, 32 Kan. App. 2d 1027, 1028, 93 P.3d 1223, *rev. denied* 278 Kan. 849 (2004) (citing *Gordon*, 275 Kan. at 405-06) ("extension of the duration of probation may only be accomplished under subsection [c][8] pursuant to a modification hearing and a finding of judicial necessity").

The parties do not dispute that the district court extended Hoffman's probation in January 2007 without first conducting a hearing on the issue and making a finding of necessity for the extension. The State maintains, however, that an extension of probation without a hearing and a judicial finding of necessity can still be valid

under K.S.A. 2009 Supp. 21-4611(c)(8) if the facts show that the probationer voluntarily and knowingly waived the rights contained in the statute by consenting to the extension of probation. See *State v. McCreary*, 32 Kan. App. 2d 814, 815-16, 89 P.3d 659 (2004); *Freeman*, 32 Kan. App. 2d at 1029-30. The State argues Hoffman knowingly waived the rights contained in the statute by consenting to the extension of probation. Hoffman disagrees, asserting he was never informed of his rights under K.S.A. 2009 Supp. 21-4611(c)(8); thus, his consent to the order extending his probation cannot be viewed as a valid waiver of those rights. We find a brief review of the facts and legal analysis set forth in *McCreary* and *Freeman* will be helpful in resolving this dispute between the parties.

In *McCreary*, the defendant was placed on probation for 24 months. Prior to expiration of probation, an order was filed in district court extending the defendant's probation an additional 24 months to allow more time for him to pay the remaining balance of court costs and fines he was ordered to pay. The defendant signed the order of extension, which described all the rights that he was waiving by consenting to the extension of his probation:

" 'I further acknowledge that I have the right to an open hearing before the District Court of Johnson County, and may require the Intensive Supervision Officer and/or the Johnson County District Attorney to put on strict proof as to why my Order of Probation should be extended, in accordance with K.S.A. 22-3716.

" 'I hereby knowingly, with full understanding, waive my rights to: An open hearing on the extension of my Order of Probation; my right to be represented by counsel; my right to court appointed counsel if I am unable to employ counsel; and rights to call witnesses and present evidence for my benefit as afforded me in accordance with K.S.A. 22-3716. Further, I knowingly and with full understanding agree to the extension of my Order of Probation for a period of 24 months, or until the 17th day of May, 2004, or said balance is paid in full.' " 32 Kan. App. 2d at 815.

Sometime during the next 24 months, the defendant violated the terms of his probation, which resulted in revocation of his probation. On appeal, the defendant argued the order extending his probation was not valid under K.S.A. 1999 Supp. 21-4611(c)(5) (now K.S.A. 2009 Supp. 21-4611[c][8]) because a hearing was

never conducted on the matter and a judicial finding of necessity never made. The *McCreary* panel rejected the defendant's argument, finding the defendant had voluntarily waived the procedural rights contained in K.S.A. 2009 Supp. 21-4611(c)(8) by signing the order. Based on this waiver, the court held the order extending McCreary's probation was valid. 32 Kan. App. 2d at 814-16.

Critical to the analysis in *McCreary* is the court's finding that the defendant knowingly and voluntarily waived his rights. The court's finding in this regard is based on the order extending the defendant's probation, which contains language that fully informs the defendant of the procedural rights he would waive by consenting to the order. In so doing, the court implicitly found the disclosure here to be a valid substitute for the hearing and judicial finding of necessity called for under K.S.A. 2009 Supp. 21-4611(c)(8). See 32 Kan. App. 2d at 815-16. When the facts of *McCreary* are compared with the facts of *Freeman*, it is easy to understand why the *Freeman* panel reached a contrary conclusion in its case.

In *Freeman*, the defendant was sentenced on October 5, 2000, to an underlying prison sentence of 28 months and placed on probation for 12 months. Prior to the expiration of probation (October 5, 2001), an order was filed with the district court extending the defendant's probation to April 5, 2002. The defendant signed the order, which contained the following language: " 'The signature of the defendant below indicates the defendant's agreement to this request for an extension and his acknowledgment that he has a right to seek counsel in this matter.' " 32 Kan. App. 2d at 1029. The order made no reference to the procedural rights contained in K.S.A. 2009 Supp. 21-4611(c)(8) that entitle a defendant to a modification hearing and a judicial finding of necessity. Furthermore, the court services officer who filed the order with the district court stated that she never told the defendant that he had the right to a hearing. She simply told him that if he wanted to speak to an attorney before signing the order, he could do so.

On January 24, 2002, the State filed a motion to revoke the defendant's probation. The defendant responded by filing a motion to dismiss for lack of jurisdiction, contending that his probation

had not been properly extended because he was not afforded a hearing pursuant to K.S.A. 2003 Supp. 21-4611(c)(8). The district court denied the motion to dismiss, finding that it had jurisdiction to revoke the defendant's probation because the defendant had waived his right to a hearing when he signed the extension. Thereafter, the district court revoked the defendant's probation and ordered him to serve his underlying prison sentence.

On appeal, the defendant argued that he did not knowingly waive his right to a hearing under K.S.A. 2003 Supp. 21-4611(c)(8) because he was never informed he had a right to such a hearing. The *Freeman* panel agreed, holding that the only way the defendant could have waived his rights under K.S.A. 2003 Supp. 21-4611(c)(8) is if he was informed of those rights prior to signing the order. Because he was never informed of his rights, the order he signed to extend his probation could not act as a waiver of, or substitute for, the requirements of K.S.A. 2003 Supp. 21-4611(c)(8). 32 Kan. App. 2d at 1029-30. The panel attached no legal significance to the fact that the defendant was informed he could speak with an attorney prior to signing the order because such information "wholly omits the crucial information that [the defendant] was entitled to a hearing and a judicial finding of necessity before his probation could be extended." 32 Kan. App. 2d at 1030. The *Freeman* panel concluded that the order extending probation was invalid, which meant that the district court no longer had jurisdiction over the defendant. The panel remanded the matter with directions to release the defendant from custody. 32 Kan. App. 2d at 1030.

Like *Freeman*, the order at issue in this case did not inform Hoffman that he was entitled to a modification hearing and a judicial finding of necessity prior to having his probation extended. Again, the January 2007 order extending probation stated:

"Whereas it appears that the defendant has not completed fines, court costs, restitution or a sex offender treatment program in this matter.

"Now therefore it is ordered that the defendant's probation be extended for one year unless the defendant show cause why this order should not be issued by the 19th day of March, 2007.

"It is further ordered that the defendant shall be served with this order on or before the next reporting date of the defendant."

Because the order did not inform Hoffman that he was entitled to a modification hearing and a judicial finding of necessity prior to having his probation extended, Hoffman's consent to the order cannot be construed as a valid substitute for the procedural requirements of K.S.A. 2009 Supp. 21-4611(c)(8). For this reason, the January 2007 order extending Hoffman's probation was invalid, which means Hoffman's term of probation expired on March 19, 2007. Because the State did not commence proceedings to revoke Hoffman's probation within 30 days after his probation expired, the district court did not have jurisdiction to revoke Hoffman's probation. See K.S.A. 2009 Supp. 22-3716(d); *Curtis*, 42 Kan. App. 2d at 135; *Cisneros*, 36 Kan. App. 2d 901, Syl. ¶ 1. As such, the district court erred in denying Hoffman's motion to dismiss and granting the State's motion to revoke his probation.

Reversed and remanded with directions to release Hoffman from custody.