NOT DESIGNATED FOR PUBLICATION

No. 126,869

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA MARIE PETRIK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed February 27, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., MALONE and COBLE, JJ.

HURST, J.: Jessica Marie Petrik appeals the district court's revocation of her probation, arguing the court lacked subject matter jurisdiction to extend her original probation and thus she was not properly on probation when the court purportedly revoked it. The timing of Petrik's probation, her subsequent violations, and the court's determinations are paramount to Petrik's appeal. Petrik stipulated to violating her original probation terms and conditions and the district court sanctioned Petrik by extending her probation. Petrik was later found to have violated her probation during that extended

1

term, at which time the court revoked her probation and imposed her underlying prison sentence.

Petrik's arguments are unavailing. The district court complied with K.S.A. 22-3716(e), which grants the court 30 additional days after a probation term ends to initiate revocation proceedings. Therefore, the district court had jurisdiction to extend Petrik's probation term and, with no other issues properly before this court for review, is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2022, the district court sentenced Petrik to a controlling prison sentence of 51 months for her guilty plea to 3 felony counts and 1 misdemeanor. However, the district court found substantial and compelling reasons to grant Petrik's motion for dispositional departure and granted her a 12-month probation. Petrik's original probation term expired on March 21, 2023.

On March 27, 2023—less than one week after the end of her probation term—the State filed a motion to revoke Petrik's probation. The State alleged Petrik "violated the terms and conditions of her probation" by failing to "[r]eport to Intensive Supervision Officer as directed." At the same time, the State also filed an affidavit from Petrik's probation officer in support of its motion that alleged Petrik "last made contact with this office on 1/31/2023" and "[c]urrently her whereabouts are unknown." The next day, the district court issued an arrest warrant for Petrik.

The district court held a hearing on May 2, 2023. Petrik did not have counsel at the hearing but expressed interest in proceeding, even if that meant she would be representing herself. The court conducted a colloquy to ensure a proper waiver, and Petrik executed a written waiver of her right to counsel.

2

The State advised Petrik of its recommendation for a 30-day jail sanction with credit, reinstatement of probation for 12 months, and an order that she reside within Saline County. The district court suggested Petrik could either proceed to a hearing on the same day, agree with the State, or postpone the decision to evaluate her options. Petrik said she wanted to proceed and enter an agreement in line with the State's recommendations. After confirming her understanding of the stipulation and its consequences, Petrik said she wanted to waive her right to a hearing and stipulate that she materially violated the terms of her probation as alleged by the State:

> "[Court:] Okay. So, a few questions for you, ma'am. You understand that by stipulating what you were doing is you were agreeing you materially violated the terms of your probation as alleged by the State and you are waiving your right to an evidentiary hearing?
> "[Petrik:] Yes, sir.
> "[Court:] Okay. And more specifically, you are agreeing that you failed to report to [your probation officer] as you were directed to do?
> "[Petrik:] Yes, sir.
> . . . .
> "[Court:] Okay. Do you still wish to stipulate that you materially violated the terms of your probation?
> "[Petrik:] Yes, sir."

The district court ordered a 30-day sanction with credit for time served and reinstated Petrik's probation for 12 months after her release from custody. The court warned Petrik that it was "very likely [she would] have to serve the underlying sentence" if she returned for violations.

A few months later, on July 17, 2023, the State filed a second motion to revoke Petrik's probation. The State again alleged Petrik violated the terms and conditions of her probation by failing to report to her probation officer as directed. The State filed a supporting affidavit on the same day in which her probation officer alleged Petrik last

contacted the office on May 31, 2023, and that "[a]ttempts to make contact with [Petrik] have been unproductive." The district court issued a warrant the same day.

On August 31, 2023, Petrik appeared with appointed counsel at the hearing on the State's second motion to revoke her probation. At the hearing, Petrik stipulated to the alleged probation violation, which the court accepted. Petrik's probation officer recommended revocation based on the ongoing reporting issues. The State offered its support for revocation, noting that the probation originated from a dispositional departure and that Petrik had already received one sanction.

After hearing the testimony and arguments, the district court revoked Petrik's probation and ordered her to serve the underlying sentence. The court explained that its leniency is "much less on dispositional departure cases" because the person could have gone to prison initially and that the court had to "draw a line." The court found that although Petrik expressed an interest in drug court at the hearing, she had the opportunity to engage in drug court and sober living in her prior contacts with her probation officer and rejected them.

Petrik timely appealed.

DISCUSSION

On appeal, Petrik argues the district court lacked subject matter jurisdiction to extend her probation after it expired on March 21, 2023. According to Petrik, because the district court lacked jurisdiction to extend her probation, she was not on probation at the time of the State's second motion to revoke and thus the district court's revocation was an error.

4

While Petrik did not raise this issue below, subject matter jurisdiction can be raised for the first time on appeal. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). Issues related to subject matter jurisdiction present a question of law subject to unlimited review. *State v. Perry*, 318 Kan. 374, 379, 543 P.3d 1135 (2024). If interpretation of statutes is necessary, such review is also unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

*The District Court Had Jurisdiction to Extend Petrik's Probation*

Once a district court imposes probation, a court may only revoke that probation and require the defendant to serve the underlying prison term if the court determines that the defendant failed to comply with the conditions of probation. *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). After a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Here, the district court's subject matter jurisdiction to impose sanctions or revoke probation is defined by statute. See *State v. Gordon*, 275 Kan. 393, 400-01, 66 P.3d 903 (2003) (discussing a district court's jurisdiction based on the language in K.S.A. 22-3716). Specifically, the district court's authority to revoke probation after the probation term has technically ended is set forth in K.S.A. 22-3716:

> "(a) . . . [A]t any time when a defendant is serving a nonprison sanction for a crime committed on or after July 1, 1993, or pursuant to subsection (e), the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment, a notice to appear to answer to a charge of violation or a violation of the defendant's nonprison sanction. . . .
>
> . . . .
>
> "(e) The court shall have 30 days following the date probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction

was to end to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction."

Although subsection (a) limits the district court's ability to issue an arrest warrant to "when a defendant is serving a nonprison sanction," the Kansas Supreme Court has interpreted the statute to also grant the district court warrant authority "as allowed by subsection (e)." *State v. Darkis*, 314 Kan. 809, 812, 502 P.3d 1045 (2022).

Typically, a district court loses jurisdiction over a probationer when the probationary period ends. *State v. Cisneros*, 36 Kan. App. 2d 901, 903, 147 P.3d 880 (2006). However, subsection (e) extends that jurisdiction to 30 days after a probation term ends, during which time the district court may issue a warrant or notice to appear. See *Gordon*, 275 Kan. at 400-01 (finding the initiation of proceedings with the 30-day period was within the court's jurisdiction); *State v. Hoffman*, 45 Kan. App. 2d 272, 275-76, 246 P.3d 992 (2011) (finding a court loses jurisdiction over a probationer when it fails to initiate proceedings within the 30-day period). Here, the district court issued a warrant about a week after the end of Petrik's original probation term. Therefore, at the time of the warrant, Petrik was no longer serving a nonprison sanction under subsection (a) except for its reference to subsection (e), which extends the court's authority 30 days past the probation term.

*Petrik Fails to Demonstrate an Error in the First Motion to Revoke Her Probation*

Here, Petrik concedes the 30-day extension found in subsection (e) but claims the court either failed to allege violations during the probation term—because the motion was after the term—or that the alleged violations of her original probation were not "concrete" enough. Petrik is correct that the State cannot use K.S.A. 22-3716(e) to allege probation violations during the 30-day extension period after the probation term—but it merely

6

allows extra time for the State to assert violations that occurred *during* the probation term.

Although the State filed its motion after the original probation term, the alleged violations occurred during the probation term. The affidavit supporting the State's warrant included an allegation that Petrik failed to report to the intensive supervision officer as directed and stated the last date of her contact with the office—almost two months before the end of her probation term. Moreover, the State's motion alone was not conclusive to establish a probation violation during the probation term but merely permits the court 30 days after the end of the probation term to initiate proceedings for the probationer "to answer a charge of a violation of the conditions of probation." K.S.A. 22-3716(e). That is what occurred here.

Petrik's second argument appears to claim that the State's allegation that Petrick failed to "[r]eport to Intensive Supervision Officer as directed" was somehow insufficient and prevented the district court's jurisdiction. This argument is more akin to an allegation in deficiency in notice and relates to the due process afforded Petrik rather than the district court's jurisdiction. See *Hurley*, 303 Kan. 575, Syl. ¶ 3 (identifying the first step in meeting a probationer's "minimum constitutional due process rights" is by "includ[ing] written notice of the claimed violations"). There is an important distinction between the concepts of subject matter jurisdiction and due process. In *Hurley*, the Kansas Supreme Court considered whether the district court conformed with due process in revoking the defendant's probation. In addition to the right to counsel, our Supreme Court identified the "'minimum due process rights'" available to probationers such as written notice of the claimed probation violation, the evidence of the violations, and the opportunity to be heard in person to present evidence and confront adverse witnesses. 303 Kan. at 582.

In contrast to due process, subject matter jurisdiction is the "'"power of the court to hear and decide a particular type of action."'" *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d

332 (2016)." *State v. Barnes*, 320 Kan. 147, 156-57, 563 P.3d 1255 (2025). Subject matter jurisdiction may arise from the Constitution or statute and is a grant of power in the court to hear and decide a matter. Kansas district courts "'have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law.' [Citation omitted]." *In re A.A.-F.*, 310 Kan. 125, 135, 444 P.3d 938 (2019). "Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." *Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999).

There is a penchant to describe a district court's authority to issue a specific type of remedy as jurisdictional—but that is often a misstatement of the issue. See, e.g., *Prou*, 199 F.3d at 45 (noting "the unfortunate penchant of judges and legislators to use the term 'jurisdiction' to describe the technically distinct notion of a court's authority to issue a specific type of remedy in a case"); see also *United States v. Flowers*, 464 F.3d 1127, 1130 (10th Cir. 2006) (quoting the *Prou* court and noting it had misused the term "jurisdictional" in its jurisprudence). Kansas district courts have subject matter jurisdiction to revoke a person's probation pursuant to K.S.A. 22-3716. *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008). The *Hall* court noted that due process requires a court to have jurisdiction, further clarifying the distinction between these two concepts. 287 Kan. at 143; see *Hurley*, 303 Kan. at 581 ("rather the issue is whether the court's exercise of jurisdiction comported with statutory and due process requirements").

Contrary to Petrik's argument, the State's allegedly defective motion does not confer subject matter jurisdiction—rather it stems from statute. See K.S.A. 22-3716; see also *Dunn*, 304 Kan. at 774 (explaining that "charging documents do not bestow or confer subject matter jurisdiction on state courts"). The *Dunn* court explained that "even prejudicial deficiencies in due process or notice do not render the outcome of a prosecution void for lack of subject matter jurisdiction." 304 Kan. at 814. Thus, there is

no subject matter jurisdiction issue because K.S.A. 22-3716(e) gave the district court 30 days beyond Petrik's probation term to initiate revocation proceedings.

In support of her appeal, Petrik did not raise a due process argument and thus there is none preserved for this court's review. Having found the district court had subject matter jurisdiction to issue the warrant related to the State's motion to revoke Petrik's probation, for the sake of completeness this court will review Petrik's arguments to determine whether the revocation of her probation comported with the applicable statutory requirements.

In support of her jurisdictional argument, Petrik does not complain about the district court's actions, but rather claims the State's motion failed to allege any "concrete probation violations" that occurred during Petrik's probation term. The State's motion alleged Petrik "violated the terms and conditions of her probation" by failing to "[r]eport to Intensive Supervision Officer as directed." The simultaneously filed affidavit from Petrik's probation officer alleged Petrik "last made contact with this office on 1/31/2023" and "[c]urrently her whereabouts are unknown."

Petrik contends this motion was deficient because it failed to specify the dates of the missed appointments. Petrik fails to provide any legal support for her argument that the State's motion required such specificity. Here, the motion alleged she failed to report as required by the terms of her probation and said she had not reported since January, about two months before the end of her probation term. Under K.S.A. 22-3716(e), the district court may issue an arrest warrant "for the defendant to answer a charge of a violation of the conditions of probation," and here the State's motion clearly alleges a probation violation during the term of her probation, as required. In any event, any defectiveness would go to support a due process argument, which Petrik does not assert on appeal. Petrik fails to demonstrate any error in the State's motion, and moreover, as

9

already discussed, the motion did not establish the district court's subject matter jurisdiction.

Petrik also maintains she had no "continuing obligation to keep her probation officer updated after her probation ended." However, the time to assert this defense would have been at the probation revocation hearing. Instead, Petrik stipulated that she materially violated the terms of her probation. Petrik attempts to relitigate the propriety of the district court's finding that she violated the terms of her probation through a subject matter jurisdiction argument. The district court's finding is not properly before this court.

CONCLUSION

The State's motion to revoke Petrik's probation effectively alleged that Petrik violated the terms of probation, and the district court had authority to issue a warrant for her arrest within 30 days of the end of her original probation term pursuant to K.S.A. 22-3716(e). As a result, the district court had subject matter jurisdiction to revoke Petrik's probation. Any other arguments alluded to by Petrik are either insufficiently briefed or not preserved for appeal.

Affirmed.