(89 P.3d 659)

No. 90,463

No. 90,464

STATE OF KANSAS, *Appellee*, v. RYAN PATRICK MCCREARY, *Appellant*.

Opinion filed May 14, 2004.

*Heather Cessna*, assistant appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before MARQUARDT, P.J., PIERRON and GREEN, JJ.

PIERRON, J: Ryan Patrick McCreary pled guilty to driving under the influence and assault on a law enforcement officer in one case, and to driving under the influence in another case. He was granted 24 months' probation in both cases. In the former case, his probation was extended for an additional 24 months based on execution of a voluntary extension. His probation in both cases was revoked due to his continued consumption of alcohol in violation of his community corrections conditions. In the former case, McCreary argues his voluntary extension was not permissible under K.S.A. 2003 Supp. 21-4611. In the later case, he argues the trial court erred in deciding it had no jurisdiction to consider his motions for modification of his sentences pursuant to the traffic code. The two cases have been consolidated on appeal. We affirm.

McCreary first argues his due process rights were violated when the district court allowed his probation to be extended without a hearing and a judicial finding of necessity where his waiver was not made in open court. We disagree.

K.S.A. 1999 Supp. 21-4611(c)(5), which is now K.S.A. 2003 Supp. 21-4611(c)(8), states:

"The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

McCreary signed a voluntary extension of probation before his probation time period had expired. The extension provided that an additional time period was necessary because the balance of the court costs and fines would not be satisfied by the end of the probation period. The trial court executed the order before McCreary's probation had expired. The order has a detailed acknowledgment of rights:

"I further acknowledge that I have the right to an open hearing before the District Court of Johnson County, and may require the Intensive Supervision Officer and/or the Johnson County District Attorney to put on strict proof as to why my Order of Probation should be extended, in accordance with K.S.A. 22-3716.

"I hereby knowingly, with full understanding, waive my rights to: An open hearing on the extension of my Order of Probation; my right to be represented by counsel; my right to court appointed counsel if I am unable to employ counsel; and rights to call witnesses and present evidence for my benefit as afforded me in accordance with K.S.A. 22-3716. Further, I knowingly and with full understanding agree to the extension of my Order of Probation for a period of 24 months, or until the 17th day of May, 2004, or said balance is paid in full."

McCreary does not challenge the voluntariness of the waiver, he simply argues that for the waiver to be valid, it must occur at a modification hearing before the trial court where a judicial finding of necessity is made. It seems McCreary is attempting to invoke the same stringent rules for protecting a defendant's constitutional rights as are applied when the court accepts a guilty plea. See K.S.A. 2003 Supp. 22-3210(3) ("requiring that in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the charge and the consequences of the plea"). We will not apply the same panoply of rights in probation revocation proceedings. See, *e.g.*, *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002) (revocation

of probation is not part of a criminal prosecution, and the full panoply of rights due a defendant in a criminal case is not applicable to a probation revocation proceeding).

McCreary voluntarily waived most procedural rights associated with the extension of his probation. Had he wished to have a hearing, he could have had one. Since he wanted an extension, he probably saw no reason to take the time out of his day to attend a hearing to get what could be obtained through a written agreement and waiver. We find this waiver unchallenged on appeal, and the district court's acceptance of the waiver prior to the expiration of McCreary's pending probation period satisfied the "modification hearing and a judicial finding of necessity" requirements of K.S.A. 2003 Supp. 21-4611(c)(8).

McCreary also argues the district court erred in finding that it had no jurisdiction to consider his motion to modify his sentence for driving under the influence under K.S.A. 8-1567.

McCreary acknowledges that this issue was decided adverse to his position in *State v. Anthony*, 274 Kan. 998, 58 P.3d 742 (2002). However, he argues *Anthony* was wrongly decided. We are duty bound to follow the precedent of the Kansas Supreme Court absent some indication that it is departing from its previous position. *State v. Maybin*, 27 Kan. App. 2d 189, 205, 2 P.3d 179, *rev. denied* 269 Kan. 938 (2000). McCreary does not demonstrate any evidence the Supreme Court is altering its view in *Anthony*; he simply contends that *Anthony* was wrongly decided.

Affirmed.