NOT DESIGNATED FOR PUBLICATION

No. 126,059

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JENNIFER STOKES,
*Appellant.*


MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Submitted without oral arguments. Opinion filed April 5, 2024. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Brian J. Henderson*, assistant county attorney, *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, P.J., ATCHESON and BRUNS, JJ.


PER CURIAM: Jennifer Stokes appeals the district court's order revoking her probation and requiring her to serve her 34-month prison sentence. On appeal, Stokes contends the district court lacked the authority to revoke her probation. In the alternative, she contends the district court abused its discretion in revoking her probation and requiring her to serve her prison sentence. We find that the district court appropriately exercised its statutory authority to extend or continue Stokes' probation and that she has failed to establish that the district court abused its discretion by revoking her probation and imposing her underlying prison sentence. Thus, we affirm.

1

In 2019, Stokes pled no contest to possession of marijuana with intent to distribute. The district court sentenced her to a presumptive 34-month prison sentence with postrelease supervision for 24 months. However, the district court granted Stokes' motion for a dispositional departure, stayed the imposition of the sentence, and placed her on probation for a term of 18 months. One of the conditions of her probation was to successfully complete a Drug Court program.

As part of her probation conditions, Stokes entered into the Drug Court program. Unfortunately, Stokes violated the terms of her probation on several occasions. On July 9, 2020, she received a 48-hour sanction for violation of the conditions of her probation. Then, on October 28, 2020, she received an additional sanction "up to 60 days" for additional probation violations.

On November 2, 2020, the State filed its first motion to revoke Stokes' probation. At that time, it was alleged that Stokes failed to participate in treatment services as required under the conditions of her probation. It was also alleged that she had possessed and used illegal substances. Eight days later, Stokes stipulated to violating her probation conditions, and the district court imposed a 120-day justice reinvestment incentive.

Due to her failure to complete the required Drug Court program, on March 15, 2021, Stokes executed a voluntary modification of probation order in which she waived her right to a hearing. The district court approved the modification and entered the order extending the term of Stokes' probation for an additional 12 months unless she were to successfully complete the required Drug Court program prior to April 17, 2022. A few months later, on October 27, 2021, the district court imposed a 14-day sanction as a result of her noncompliance with the Drug Court program and other terms of her probation.

On February 7, 2022, Stokes signed a second voluntary modification of probation order because she had still not completed the Drug Court program. Once again, she waived her right to a hearing, and the district court entered the order extending the term of her probation for 12 months unless she successfully completed the Drug Court program prior to April 17, 2023. A review of the record reveals that between March 16, 2022, and January 11, 2023, the district court imposed four additional intermediate sanctions for Stokes' failure to comply with requirements of the Drug Court program.

On January 12, 2023, the State filed a second motion to revoke Stokes' probation. In support of this motion, the State alleged that she had violated the terms of her probation by failing to obtain and maintain employment; engaging in a curfew violation; missing 23 appointments with service providers between March 24, 2022, and December 28, 2022; possessing marijuana in her home on January 4, 2023; and being dishonest with community corrections officers. In addition, in an affidavit filed by her intensive supervision officer (ISO), it was asserted that "Stokes has been in the Drug Court program for over 3 years and has not progressed through the phases. She continues to have violations and has exhausted all resources available in the community. Our recommendation is that her probation be revoked."

The district court held a probation revocation hearing on January 25, 2023. After considering the evidence and arguments presented, the district court found that Stokes had violated the conditions of her probation by failing to maintain employment, missing numerous treatment appointments, possessing marijuana and drug paraphernalia, and using drugs. Consequently, the district court revoked Stokes' probation and ordered her to serve her underlying sentence.

In reaching its decision, the district court explained that it found Stokes' failure to successfully complete the Drug Court program after being given multiple opportunities to do so since 2019 showed two things:  "One, your supervising officers and the Drug Court

Team have been very patient with you; and you're just not going to do it." The district court further found that since the original sentence was imposed, Stokes had received 177 days of intermediate sanctions. The following day, the district court filed a journal entry reflecting its ruling and granting Stokes 177 days of jail credit against her prison sentence for the time she spent serving her multiple sanctions for violating the conditions of her probation.

Thereafter, Stokes filed a timely notice of appeal.

ANALYSIS

On appeal, Stokes contends that the district court lacked "jurisdiction" to revoke her probation and order her to serve her underlying prison sentence. However, the substance of her argument set forth in her brief is that the district court did not have the statutory authority to revoke her probation under the circumstances presented. Specifically, Stokes argues that the voluntary modification of probation orders entered by the district court to extend the term of her probation were not sufficient to satisfy statutory requirements.

Under K.S.A. 22-3716(b)(2), a probationer can make an informed waiver of his or her right to a district court hearing on an alleged violation of the conditions of probation. Based on our review of the language used in the voluntary modification of probation orders signed by Stokes and entered by the district court, we find that this is what she plainly did here. Significantly, Stokes does not challenge the voluntariness of the waivers she signed as set forth in the voluntary modification of probation orders entered by the district court.

We note that in the voluntary modification of probation orders, Stokes expressly acknowledged that she had "the right to an open hearing before the District Court," the

4

right to "be represented by counsel," the right to an appointed attorney in the event she was "unable to employ counsel," and the right to "call witnesses and present evidence for [her] benefit." She also acknowledged that she waived these rights "knowingly" and "with full understanding." Finally, she acknowledged that she "agree[d] to the modifications of my Order of Probation . . . ."

Once a violation of the conditions of probation have been established, the district court then has the discretion to grant a "[c]ontinuation or modification of the release conditions of the probation." K.S.A. 22-3716(c)(1)(A). This statutory provision does not require a district court to hold a hearing if the probationer has admitted a violation and waived his or her rights. Moreover, we note that the common definition of the word "continuation" includes "going on without interruption" and "a part or thing added to make something reach further or last longer; extension" Webster's New World Dictionary 322 (5th ed. 2016). Under this definition, a continuation of probation includes an extension of probation.

Because we find K.S.A. 22-3716—which provides the specific process to be used by district courts for handing probation violations and the imposition of sanctions—to be applicable to this case, it is not necessary for us to look to the more general provisions found in K.S.A. 21-6608. Likewise, we decline Stokes' invitation to revisit the holding of the panel in *State v. McCreary*, 32 Kan. App. 2d 814, 89 P.3d 659 (2004) (interpreting K.S.A. 2003 Supp. 21-4611(c)(8), which is now codified as K.S.A. 21-6608). Furthermore, we find Stokes' reliance on *State v. Owens*, 210 Kan. 628, 634-36, 504 P.2d 249 (1972), to be misplaced because the district court fulfilled its judicial function by considering her representations and deciding to grant her requests for extensions to give her the opportunity to successfully complete the Drug Court program.

In granting the continuations or extensions of probation in this case, we find that the district court appropriately relied on Stokes' acknowledgment that she had "not

5

successfully completed the Drug Court program" as required as a condition of her probation. We also find that the district court appropriately relied on Stokes' agreement to extend her probation for a period of 12 months, with a new termination date of April l7, 2023, or upon successful completion of all requirements of the Drug Court program prior to that time. Consequently, we conclude that the district court had the statutory authority under K.S.A. 22-3716(c)(1)(A) to continue or extend the term of Stokes' probation and that it continued to have jurisdiction over Stokes personally when it ultimately revoked her probation in January 2023.

In the alternative, Stokes contends that the district court erred by revoking her probation and ordering her to serve her underlying sentence. We review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on a mistake of fact. *State v. Ingram*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party claiming that the district court abused its discretion, Stokes bears the burden of proof. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Based on our review of the record on appeal, we find that the district court did not abuse its discretion. Rather, the record reveals that the district court gave Stokes multiple opportunities to successfully complete the conditions of her probation. Unfortunately, she was unable to do so and repeatedly violated those conditions. Under these circumstances, we find it was reasonable for the district court to ultimately conclude—following the imposition of several intermediate sanctions—that Stokes was not amenable to probation.

Stokes also asserts that her due process rights were violated because she did not receive written notice of her probation violations. Our review of the record reflects that Stokes was provided notice of the alleged violations of the conditions of her probation. These allegations were detailed in the affidavits of her ISO that were attached to the

6

State's motions for revocation of probation. In addition, the district court issued a bench warrant describing the alleged probation violations.

At her first probation revocation hearing, Stokes stipulated to the violations alleged by the State. These violations included "failure to attend ordered meetings, continued use of substances, [and] failure to attend treatment sessions." After the district court accepted the stipulation, it ordered a 120-day sanction.

Because Stokes was still unable to successfully complete the conditions of her probation, the State filed a second motion for revocation of probation—which is the subject of this appeal—on January 12, 2023. Once again, the State attached an affidavit from Stokes' ISO in support of its motion. Specifically, the affidavit asserted that Stokes failed to maintain employment, failed to comply with tasks assigned by community corrections, violated her curfew, missed numerous appointments, had been found to be in possession of marijuana and a pipe, and had still not successfully completed the Drug Court program. As a result, the ISO recommended that Stokes' probation be revoked and, once again, the district court issued a bench warrant describing the alleged probation violations.

At her second probation revocation hearing, Stokes participated in person and was represented by counsel. After both parties presented evidence, the district court found Stokes to be in violation of the conditions of her probation. As discussed above, the district court found that she had failed to maintain employment, failed to attend appointments, found to be in possession of marijuana and drug paraphernalia, and admitted to using drugs. The district court also found that Stokes had still not successfully completed the Drug Court program.

Under the facts and circumstances presented in this case, we find that a reasonable person could reach the same conclusion as the district court. We do not find the district

court's decision to revoke Stokes' probation or to order her to serve her underlying sentence to be arbitrary, fanciful, or unreasonable. Likewise, we do not find that the district court made an error of law or a mistake of fact. Accordingly, we conclude that the district court did not abuse its discretion in revoking Stokes' probation and ordering that she serve her underlying sentence.

Affirmed.