NOT DESIGNATED FOR PUBLICATION

No. 128,603

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GINA MARIE WHITEFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Submitted without oral argument. Opinion filed May 29, 2026. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

ISHERWOOD, J.: K.S.A. 21-6608(c)(8) provides district courts with authority to extend a defendant's probation once the need for such an extension is established through a hearing. Gina Marie Whiteford was on probation for possession of methamphetamine when she signed a Voluntary Extension of Probation, which stated that she "knowingly, with full understanding," waived her right to a hearing and agreed to a one-year extension of her probation. That waiver was sufficient to absolve the district court of its obligation to otherwise conduct a hearing.

1

Whiteford continued to struggle to meet the obligations of her probation, due in large measure to her methamphetamine addiction, and the State ultimately moved to revoke her probation citing 14 separate violations. Whiteford either admitted to or did not contest 11 of those violations, including the use of methamphetamine on several occasions. The district court revoked Whiteford's probation citing as its basis her commission of new crimes, as well as the public safety and offender welfare concerns set forth under K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (c)(9)(A) as exceptions to the intermediate sanction structure.

Whiteford brings this appeal contending that the State failed to provide sufficient notice that her commission of a new crime was included among the alleged violations. She further asserts that the district court neglected to make the particularized findings required to trigger the public safety and offender welfare exceptions. Following a careful analysis of the record we are satisfied that the State's motion provided Whiteford with the degree of notice to which she was entitled, because the commission of a new crime is embodied within Whiteford's continued drug use. That new crime authorized the district court to bypass intermediate sanctions and impose Whiteford's underlying prison term. Accordingly, the decision of the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2022, Whiteford was sentenced to 24 months' imprisonment, with probation granted for a period of 12 months, following a conviction for possession of methamphetamine. Just shy of a year later, Whiteford signed a Voluntary Extension of Probation, at the request of her intensive supervision officer (ISO), and thereby extended her probation "for a period of 1 year, or until the 27th day of September, 2024." The basis for the extension was "(a) to follow all recommendations of drug/alcohol evaluation completed at Mirror on August 17, 2023 until successfully discharged by a therapist[,

2

and] (b) to successfully complete the Harvey County Community Corrections intensive supervision program."

The extension Whiteford signed included the following assertions:

> "I hereby knowingly, with full understanding, waive my rights to: An open hearing on an extension of my Order of Probation/Parole; my rights to be represented by counsel; my right to a court appointed counsel if I am unable to employ counsel; and rights to call witnesses and present evidence for my benefit as afforded me in accordance with K.S.A. 22-3716."

She also consented to "a finding of judicial necessity by the Court pursuant to K.S.A. 21-4611(c)(8)." The district court subsequently approved the extension.

In December 2023, Whiteford's ISO moved to revoke Whiteford's probation, citing Whiteford's alleged consumption of narcotics on multiple occasions, her change of residence without permission, her failure to obtain stable housing, her failure to appear for an intake appointment for inpatient substance use treatment and to attend inpatient and outpatient substance use treatment, her avoidance of two random urinalysis tests, and her failure to verify that she obtained a mental health evaluation as directed.

At the revocation hearing, Whiteford waived her right to a contested hearing and admitted to or did not contest all allegations with the exception of three: (1) being dishonest with her ISO regarding knowledge of an inpatient drug treatment date; (2) failure to submit confirmation of a mental health evaluation; and (3) failure to obtain stable housing.

The district court revoked Whiteford's probation, noting that she "admits or does not contest [11] of the 14 violations" alleged by her ISO and that "the State met its burden on the remaining [3] violations." It found Whiteford was "not amenable to

probation" due to her commission of a new crime. The court also expressed concerns regarding the risk that her continued drug use and failure to participate in any substance abuse treatment created for her personal well-being, as well as for the public at large. The district court ordered Whiteford to serve her underlying sentence of 24 months' imprisonment.

Whiteford now brings her case before this court for a determination of whether the extension of her probation violated the terms of K.S.A. 21-6608(c)(8), and whether her revocation proceedings and the district court's justification for imposing her underlying sentence were legally infirm. Additional facts are included where necessary to resolve the issues presented.

LEGAL ANALYSIS

I. *Whiteford knowingly and voluntarily waived her right to a hearing and agreed to an extension of her probation.*

Whiteford contends that her probation legally concluded on September 27, 2023, because under the statute, an extension of probation can only be accomplished through a court hearing accompanied by a finding of judicial necessity. The State counters that reading K.S.A. 2018 Supp. 22-3716(b)(2) and K.S.A. 21-6608(c)(8) in conjunction with one another, and this court's earlier interpretations of those provisions, allows defendants to waive their right to a hearing. It further asserts that Whiteford's waiver was knowingly and voluntarily given.

*Standard of Review*

Resolution of this issue requires a review of both the district court's jurisdiction under K.S.A. 21-6608(c)(8) and the waiver provision under K.S.A. 2018 Supp. 22-

4

3716(b)(2). We exercise unlimited review over questions that concern jurisdiction and statutory interpretation. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

When asked to interpret a statute we begin with the fundamental rule that "'the intent of the legislature governs if that intent can be ascertained.'" *Harsay v. University of Kansas*, 308 Kan. 1371, 1381, 430 P.3d 30 (2018) (citing *In re Estate of Strader*, 301 Kan. 50, 55, 339 P.3d 769 [2014]). An appellate court does not resort to statutory construction if the statute's language is plain and unambiguous. Rather, it "'merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.'" *Harsay*, 308 Kan. at 1381 (citing *In re Estate of Strader*, 301 Kan. at 55).

K.S.A. 21-6608(c)(8) provides:

"[T]he court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

Whiteford argues that the plain language of K.S.A. 21-6608(c)(8) only grants a district court, not an ISO, the authorization required to extend a term of probation and further mandates that the district court must address the matter in an open hearing. Whiteford acknowledges that in *State v. McCreary*, 32 Kan. App. 2d 814, 815, 89 P.3d 659 (2004), a long-standing opinion from this court, we held that a probationer may waive their right to a hearing for an extension of their probation. She encourages us to revisit the issue with the justification that the *McCreary* court failed to adhere to the plain language of K.S.A. 21-6608(c)(8). It is Whiteford's position that *State v. McRoberts*, 65 Kan. App. 2d 481, 492, 567 P.3d 905 (2025), stands as a more persuasive guide for our analysis. As support for her claim, she notes that the *McRoberts* court was also called

5

upon to analyze the competing authority between the district court and an ISO in the context of intermediate sanctions. In arriving at its conclusion that only prior intermediate sanctions imposed by the district court, not those ordered by an ISO, may be used as a basis to revoke probation, the court found that was the outcome required by the plain language of K.S.A. 22-3716(c)(1)(C). 65 Kan. App. 2d at 494.

McCreary was granted probation after pleading guilty in two cases and later executed a voluntary extension of probation in one of the cases. His probation was ultimately revoked and he appealed, contending that the extension was impermissible under the statute given that the district court failed to conduct a hearing and make "a judicial finding of necessity." *McCreary*, 32 Kan. App. 2d at 814.

This court found: (1) McCreary voluntarily signed an agreement to extend his probation before his term expired; (2) the agreement contained "a detailed acknowledgment of rights"; and (3) defendants in probation revocation proceedings are not afforded the "same panoply of rights" as those extended in a plea hearing. 32 Kan. App. 2d at 815-16. We ultimately concluded that "the district court's acceptance of the waiver prior to the expiration of McCreary's pending probation period satisfied the 'modification hearing and judicial finding of necessity' requirements of K.S.A. 2003 Supp. 21-4611(c)(8)." 32 Kan. App. 2d at 815-16.

In *McRoberts*, the State and Kaitlyn McRoberts reached a diversion agreement after she was charged with two drug-related crimes. A series of violations and stipulations eventually prompted McRoberts' ISO to impose a two-day jail sanction. Four months and 31 different probation violations later, the State moved to revoke McRoberts' probation. 65 Kan. App. 2d at 482-83.

McRoberts stipulated to the violations and requested a 60-day sanction, but the district court found imposition of the underlying prison term was more appropriate. The

6

*McRoberts* court reversed on the grounds that the district court, "not solely a probation officer, must impose an intermediate jail sanction before the district court revokes probation, unless the district court relies on an exception to the intermediate sanctions rule." 65 Kan. App. 2d at 481-82. In arriving at its conclusion, the *McRoberts* court analyzed the plain language of subsections (c)(1)(b) and (b)(4) of K.S.A. 2021 Supp. 22-3716 and ultimately concluded there is a differentiation between sanctions imposed by courts and those imposed by an ISO. 65 Kan. App. 2d at 491-92, 494-95.

The facts in this case are distinguishable from *McRoberts* for two primary reasons. First, the court in *McRoberts* analyzed subsections of K.S.A. 2021 Supp. 22-3716, while we are tasked with parsing out K.S.A. 21-6608(c)(8). Second, the provision at issue in *McRoberts* clearly defined the distinct roles of the court and the ISO when a defendant violates the terms and conditions of their probation, whereas K.S.A. 21-6608(c)(8) offers no such distinction.

Under K.S.A. 21-6608(c)(8), a probationer is neither explicitly prohibited from nor obligated to waive the statutory right to a hearing. But Kansas courts have accepted waivers even when a statute or constitutional provision does not expressly provide for that opportunity. See *State v. Pennington*, 43 Kan. App. 2d 446, 452, 455, 227 P.3d 978 (2010) (the statutory right to a speedy trial may be implicitly waived); see also *State v. Bowers*, 42 Kan. App. 2d 739, 741, 216 P.3d 715 (2009) (the constitutional "right to a jury trial may be waived if it is done so voluntarily and knowingly").

Whiteford's waiver of her statutory right to a modification hearing is valid if certain conditions were met. Any waiver of the right to a hearing under K.S.A. 21-6608(c)(8) "must be both knowing and voluntary as is the case with other waivers." *State v. Freeman*, 32 Kan. App. 2d 1027, 1029, 93 P.3d 1223 (2004). "'Knowingly' is defined as, '[w]ith knowledge; consciously; intelligently; willfully; intentionally. An individual acts "knowingly" when he acts with awareness of the nature of his conduct.'" 32 Kan.

7

App. 2d at 1029 (citing Black's Law Dictionary 872 [6th ed. 1990]). "'Voluntary' is defined as '[u]nconstrained by interference; unimpelled by another's influence; spontaneous; acting of oneself.'" 32 Kan. App. 2d at 1029 (citing Black's Law Dictionary 1575 [6th ed. 1990]).

The defendant in *Freeman* was sentenced to prison and granted probation. His ISO filed an extension, signed by both the ISO and the defendant. After Freeman violated the terms of his probation, the State moved to revoke his probation. Freeman countered by moving to dismiss for lack of jurisdiction, arguing that his probation was improperly extended because he did not receive a hearing. The district court determined that it properly exercised jurisdiction as Freeman signed the extension, thereby waiving his right to a hearing. 32 Kan. App. 2d at 1027-28.

On appeal, Freeman contended that the statute required the district court to conduct a hearing to extend the duration of his probation. He claimed he did not knowingly and voluntarily waive his right to a hearing as he was not informed of the right and, as a result, he was denied his right to due process. This court determined that Freeman was not coerced in a manner that "render[ed] his agreement with the extension of his probation involuntary." 32 Kan. App. 2d at 1028-29. Despite this finding, it concluded that Freeman did not knowingly waive his right to a hearing given the language in the waiver failed to inform him of that right. 32 Kan. App. 2d at 1029-30.

Unlike *Freeman*, Whiteford's waiver stated: "I hereby knowingly, with full understanding, waive my rights to[]" counsel, a hearing, call witnesses, and present evidence, and "[f]urther, I knowingly, and with full understanding, agree to an extension of my Order of Probation/Parole for a period of 1 year, or until the 27th day of September, 2024." Therefore, Whiteford both knowingly and voluntarily waived her right to a modification hearing when she signed the Voluntary Extension of Probation.

The district court properly exercised jurisdiction to revoke Whiteford's probation without a modification hearing as she knowingly and voluntarily waived her right to a hearing when she signed the agreement to extend the duration of her probation. Although K.S.A. 21-6608(c)(8) does not explicitly permit waivers, Kansas courts recognize waivers if they are given knowingly and voluntarily. Like McCreary, Whiteford could have demanded a hearing but failed to do so. The district court accepted Whiteford's waiver before the period for her probation expired; therefore, the statute's requirements for a "modification hearing and a judicial finding of necessity" were met. See K.S.A. 21-6608(c)(8).

II. *Whiteford received adequate notice, prior to her probation revocation hearing, that her alleged violations included the commission of a new crime.*

Whiteford contends that the State failed to provide explicit notice that she allegedly violated her probation by committing a new crime. Thus, her due process rights were violated when the district court revoked her probation pursuant to the new crimes exception under K.S.A. 2018 Supp. 22-3716(c)(8)(A) and ordered her to serve her prison term.

The State notes that the district court simultaneously revoked Whiteford's probation in this case and in a second case during the probation violation hearing. It counters Whiteford's claim for relief by highlighting that another panel of this court in *State v. Whiteford*, No. 127,393, 2025 WL 1720587, at *5 (Kan. App.) (unpublished opinion), *rev. granted* 321 Kan. 795 (2025), rejected an argument similar to what Whiteford has presented here and found the revocation in the second case was proper. The State encourages us to follow the lead of that panel and find that a new crime was implied by Whiteford's multiple admissions to the use of illegal narcotics.

9

We review the revocation of a defendant's probation for an abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). But we apply a de novo standard of review when analyzing whether the district court complied with principles of due process. 303 Kan. at 580.

A probation revocation proceeding is not a component of criminal prosecution, thus "the full panoply of rights in a criminal case is not applicable." *State v. Lyon*, 58 Kan. App. 2d 474, 479, 471 P.3d 716 (2020) (citing *State v. Galaviz*, 296 Kan. 168, 174, 291 P.3d 62 [2012]). To satisfy minimum due process requirements in a probation revocation proceeding, the probationer must receive, inter alia, written notice of the alleged violations and be informed of the evidence supporting those allegations. *Hurley*, 303 Kan. at 582.

When revoking an offender's probation, the district court must use the graduated sanctions scheme "in effect on the date the probationer committed the crime of conviction." *Whiteford*, 2025 WL 1720587, at *2 (citing *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 [2020]). Whiteford committed the underlying crime in April 2019, therefore K.S.A. 2018 Supp. 22-3716 controls. Subsection (c)(5) of that provision authorizes district courts to bypass intermediate sanctions and revoke probation if the defendant commits a new felony.

The facts in this case are nearly identical to the earlier *Whiteford* decision. In that case, Whiteford was convicted of possession of methamphetamine and sentenced to prison but granted 18 months' probation. She violated the terms of her probation by using methamphetamine and waived her right to a probation violation hearing, so her ISO ordered a three-day jail sanction. Whiteford subsequently committed additional violations which prompted several findings by the district court, including that (1) it was not required to impose an intermediate sanction given the prior sanction imposed by Whiteford's ISO; (2) Whiteford committed a new crime when she used narcotics; and

(3) multiple attempts at substance use treatment failed, thereby warranting the "public safety and offender welfare exception to intermediate sanctions." 2025 WL 1720587, at *1-2.

Whiteford's appellate arguments in that earlier case were also nearly identical to the arguments before us in this case. First, she argued that the sanction imposed by her ISO could not serve as an intermediate sanction under the graduated sanction scheme. She then offered the same due process argument that she presented to us. 2025 WL 1720587, at *2. Lastly, she asserted that "the district court failed to make sufficiently specific findings to support the revocation of her probation under the public safety and offender welfare exception to the intermediate sanctions structure." 2025 WL 1720587, at *2.

In *Whiteford*, this court declined to consider all of her arguments and affirmed the district court's decision based solely on her admission of continued drug use, finding it was a new crime that permitted the district court to properly bypass the sanctions. 2025 WL 1720587, at *5. In so doing, it concluded that the State need not allege that a new crime was committed when giving notice of the alleged violations. 2025 WL 1720587, at *4 (citing *State v. Miner*, No. 122,372, 2021 WL 401282, at *5 [Kan. App. 2021] [unpublished opinion]).

The *Whiteford* court relied on *State v. McGill*, 51 Kan. App. 2d 92, 96-97, 340 P.3d 515 (2015), and *Miner*, 2021 WL 401282, at *1, 5, to undergird its conclusion that Whiteford received sufficient notice of the new crimes when the State identified that specific violations occurred on specific dates. *Whiteford*, 2025 WL 1720587, at *4-5. It found that the affidavit prepared by Whiteford's ISO that outlined her probation violations provided sufficient notice of her new crimes. 2025 WL 1720587, at *4-5.

McGill similarly argued that given the fact the probation violation warrant failed to allege he committed a new crime, the district court violated his due process right to notice when it revoked his probation. *McGill*, 51 Kan. App. 2d at 94-95. This court found McGill's due process rights were intact as "[h]e received proper notice of the probation violations prior to his hearing, he was represented by counsel, and he was able to cross-examine witnesses and provide evidence." 51 Kan. App. 2d at 97. It determined that the probation violation warrant served as sufficient notice and that the district court made a finding that McGill committed a new crime, thereby justifying a bypass of the intermediate sanctions scheme. 51 Kan. App. 2d at 96-97.

The court in *Miner* likewise found that the probation violation warrant served as sufficient notice as it specified the dates and acts that supported revocation of Miner's probation. 2021 WL 401282, at *4.

In this case, the district court issued a bench warrant on December 18, 2023, that alleged Whiteford consumed methamphetamine and failed to receive substance abuse treatment. It did not specify the dates that the alleged violations occurred. Even still, the State filed its motion to revoke Whiteford's probation and specified the dates of 14 alleged violations, most of which Whiteford admitted to or did not contest during the revocation hearing. Those she admitted to or did not contest included multiple incidents of methamphetamine usage during November and December 2023 and the use of marijuana in November 2023. She also admitted to testing positive for methamphetamines on November 20, 2023.

Typically, an admission to substance use is a technical probation violation, not a substantive one. But in *State v. Roubideaux-Davis*, No. 125,764, 2023 WL 5662765, at *4 (Kan. App. 2023) (unpublished opinion), this court found that a failed drug test and admitted use of methamphetamine establish the crime of possession of methamphetamine for probation revocation purposes.

Whiteford argues that she lacked notice that her positive drug tests would be treated as a new crime. An alteration in the classification does not undermine the logic that the probationer more than likely possessed the controlled substance before using it. See *Roubideaux-Davis*, 2023 WL 5662765, at *7. Whiteford admitted to both using and testing positive for methamphetamine while on probation; it is therefore presumed that she committed the new crime of possession of methamphetamine. See 2023 WL 5662765, at *7.

Minimum due process during probation revocation proceedings requires only specific notice of the alleged violations and their dates, not explicit notice that the violations constituted new crimes. See *McGill*, 51 Kan. App. 2d at 96-97; see also *Miner*, 2021 WL 401282, at *1, 5. The State's motion to revoke satisfied that standard as it identified the date of Whiteford's positive drug test and the dates of her admitted methamphetamine use. Furthermore, not only did Whiteford admit to or not contest those violations, but she also does not challenge the district court's substantive finding that her failed urinalysis established by a preponderance of the evidence that she committed the new crime of methamphetamine use while on probation. See *Roubideaux-Davis*, 2023 WL 5662765, at *7. Under these circumstances, Whiteford received adequate notice. Accordingly, the district court did not abuse its discretion in its application of the new crime exception under K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Given our finding on this issue and that only one exception is required to sustain the district court's revocation of Whiteford's probation, we need not engage in an analysis of Whiteford's additional claim that the district court failed to offer the required particularized findings to support application of the public safety and offender welfare exceptions under K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (c)(9)(A). Accordingly, we are unable to conclude that the district court abused its discretion when it revoked Whiteford's probation.

Affirmed.